**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 02-40366
_____

HENRY EARL DUNN, JR.,

Petitioner - Appellant,

VERSUS

JANIE COCKRELL, Director,
Texas Department of Criminal Justice, Institutional Division,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Texas - Beaumont Division

_____

August 15, 2002

Before DAVIS, BENAVIDES and STEWART, Circuit Judges.

PER CURIAM:

Petitioner, Henry Earl Dunn, appeals the district court's denial of his Rule 60(b) motion. Because we find that the district court correctly denied Dunn's motion, filed solely to allow Dunn a second chance to file a timely appeal, we affirm.

I.

Dunn was convicted of capital murder and sentenced to death by the State of Texas in September 1995. The Texas Court of Criminal Appeals affirmed in September 1997, Dunn v. State, 951 S.W. 2d 478 (Tex. Crim. App. 1977). In September 1999, the Texas Court of Criminal Appeals denied his timely filed application for post-conviction writ of habeas corpus.

Dunn filed a federal petition for writ of habeas corpus on January 27, 2000. On June 27, 2001, the United States District Court for the Eastern District of Texas granted defendant Cockrell's Motion for Summary Judgment, denied habeas relief and dismissed the petition. Thirty-four days later, on July 31, 2001, Dunn's federal habeas counsel filed an untimely notice of appeal. On September 4, 2001, Dunn filed an untimely Motion for Leave to File Out of Time Notice of Appeal. The district court denied this motion as untimely on September 24, 2001. On November 20, 2001, we dismissed Dunn's appeal for lack of jurisdiction.

Dunn's habeas counsel was replaced at his request. On January 14, 2002, Dunn, through his new habeas counsel, filed a Motion under Rule 60(b) for Relief of Judgment seeking to vacate the original habeas judgment. The sole basis for the motion was to vacate and re-enter the judgment to allow Dunn to file a timely notice of appeal which was not done initially because of the negligence of his attorneys. The district court denied relief on February 13, 2001. Dunn timely appealed and seeks a certificate of appealability.

II.

Dunn filed both a timely notice of appeal and a motion for certificate of appealability. As this case presents only Dunn's appeal from the denial of his 60(b) motion, and not an appeal from the merits of his habeas petition, no certificate of appealability is required at this time.[1] A district court's ruling on a Rule 60(b) motion is reviewed for abuse of discretion.

III.

Under Federal Rule of Civil Procedure 60(b)(1), a district court may reopen judgments for

---

[1] In our view, this case does not present a situation in which the petitioner is using Rule 60(b) to amend or alter the judgment of a first habeas proceeding, in which case the Rule 60(b) motion should be treated as a successive habeas petition. Hess v. Cockrell, 281 F.3d 212, 214 (5th Cir. 2002), citing Fierro v. Johnson, 197 F.3d 147, 151 (5th Cir. 1999). See also Kutzner v. Cockrell, No. 02-20857, (5th Cir. August 7, 2002).

reasons of "mistake, inadvertence, surprise, or excusable neglect." The sole basis for Dunn's Motion for Relief of Judgment under Rule 60(b) was to vacate and re-enter the judgment to allow Dunn to file a timely notice of appeal which was not done initially because of the negligence of his attorneys. This court has long held that a Rule 60(b) motion is not a substitute for a timely appeal. United States v. O'Neil, 709 F.2d 361, 372 (5th Cir. 1983) and cases cited therein, see also In re Air Crash at Dallas/Fort Worth Airport, 852 F.2d 842, 844 (5th Cir. 1988); Pryor v. U.S. Postal Service, 769 F.2d 281, 286 (5th Cir. 1985); Latham v. Wells Fargo Bank, N.A., 987 F.2d 1199, 1203 (5th Cir. 1993).

This is particularly the case when, as here, the rules provide a party specific limited relief from the requirement to timely file a notice of appeal. Under Federal Rule of Appellate Procedure 4(a)(5), a court may extend the time for filing the notice of appeal for up to 30 additional days if the appellant establishes either "good cause" or "excusable neglect." But, as we made clear in O'Neil, a motion under this rule must be filed "no later than 30 days after the time prescribed by this Rule 4(a) expires." Rule 60(b) cannot be used to circumvent the limited relief available under Federal Rule of Appellate Procedure 4(a)(5), which advances the principle of protecting the finality of judgments. Id.

> This is particularly so where, *as here*, the Rule 60(b) motion is made after time for appeal has expired, and the movant neither complains of any denial of a full and fair hearing before the district court nor seeks by the ruling to have the district court alter its ruling, but rather asks only that the order be vacated and reentered. In such a case, the Rule 60(b) motion is avowedly being used only to extend the time for appeal. It hence squarely collides with Rule 4(a)(5).

Id. (citations omitted). As the sole purpose of Dunn's 60(b) motion is to achieve an extension of the time in which to file a notice of appeal, it must fail. See also, Wilson v. The Atwood Group, 725 F.2d 255 (5th Cir. 1984)(en banc); Latham v. Wells Fargo Bank, N.A., 987 F.2d 1199 (5th Cir. 1993).

VI.

Dunn contends that the district court applied the wrong standard in determining whether the neglect of his counsel was excusable under Federal Rule of Civil Procedure 60(b). He suggests that the Supreme Court's decision in Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 113 S.Ct. 1489 (1993), requires the district court to consider whether the facts surrounding habeas counsel's tardy filing constitute an extraordinary circumstance to justify Rule 60(b)(1) relief. In Pioneer, the Supreme Court addressed whether an attorney's inadvertent failure to file a proof of claim within the deadline established by the court can constitute "excusable neglect" justifying late filing within the meaning of Federal Rules of Bankruptcy Procedure Rule 9006(b)(1). It defined "excusable neglect" in this context as follows:

> Because Congress has provided no other guideposts for determining what sorts of neglect will be considered "excusable," we conclude that the determination is at bottom an equitable one, taking account all of the relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

Id. at 395. Dunn's reliance on Pioneer is misplaced.

If Dunn was entitled to Rule 60(b) relief upon establishing his counsel's "excusable neglect," Pioneer might be helpful to him. But Dunn did not seek relief under Rule 60(b) in the district court based on an error by his counsel that caused the district court to erroneously enter judgment against him. Rather, Dunn invoked Rule 60(b) solely for the purpose of having the district court reenter the adverse judgment so he could file a timely notice of appeal. By defining excusable neglect, the Pioneer Court did not purport to consider whether Rule 60(b) can be used solely to extend the time for appeal, when there is no assertion of a need to correct an error committed in the district court as a result of a litigant's excusable neglect.

VII.

Federal Rule of Appellate Procedure 4(a)(5) gives a litigant 30 days to apply for relief from the strict jurisdictional time requirement for filing a notice of appeal due to a party's excusable neglect. Our cases sensibly refuse to allow a litigant to circumvent this specific rule by invoking Rule 60(b) solely for the purpose of extending the time for appeal. For the foregoing reasons, we find that the district court correctly denied Dunn's Motion for Relief of Judgment under Rule 60(b). Accordingly, the judgment of the district court is AFFIRMED. We also vacate the stay of execution previously entered.

AFFIRMED. STAY VACATED.