IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10450
Summary Calendar
_____

ROBERT JACOB SEITZ, JR.,

Plaintiff-Appellant,

versus

JANIE COCKRELL, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
(3:99-CV-2707-D)
--------------------
October 16, 2002

Before HIGGINBOTHAM, DAVIS, and WIENER, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Robert Jacob Seitz, Jr., Texas prisoner # 621783, seeks a certificate of appealability (COA) to appeal the district court's judgment denying his 28 U.S.C. § 2254 petition. We have previously determined, however, that we lacked jurisdiction over that appeal because Seitz failed to file a timely notice of appeal. See Seitz v. Cockrell, No. 01-11486 (5th Cir. Feb. 11, 2002) (unpublished). This case therefore presents only Seitz's

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appeal from the denial of his FED. R. CIV. P. 60(b) motion and not an appeal from the merits disposition of his habeas petition; consequently, no COA is required. See Dunn v. Cockrell, __F.3d__, No. 02-40366, 2002 WL 1888802, *1 (5th Cir. Aug. 15, 2002). The only issue before us is whether the district court abused its discretion in denying the Rule 60(b) motion. See Aucoin v. K-Mart Apparel Fashion Corp., 943 F.2d 6, 8 (5th Cir. 1991).

The sole purpose for the filing of Seitz's Rule 60(b) motion was to circumvent the jurisdictional flaw caused by his failure timely to file a notice of appeal from the judgment denying habeas relief. A Rule 60(b) motion is not a substitute for a timely appeal. Dunn, 2002 WL 1888802 at *1-2. Furthermore, Seitz's failure to receive notice of the judgment denying habeas relief does not qualify as an "extraordinary circumstance" under Rule 60(b)(6), because a party must file a timely notice of appeal whether or not he receives notice of the entry of an order. See Latham v. Wells Fargo Bank, N.A., 987 F.2d 1199, 1201 (5th Cir. 1993).

AFFIRMED.