IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30903
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE LUIS GARCIA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 95-CR-66-1
--------------------
February 19, 2003

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Jose Luis Garcia, federal prisoner number 21394-034, appeals the denial of his motion under FED. R. CIV. P. 60(b) requesting the district court to set aside its order denying his motion under 28 U.S.C. § 2255. He argues that he did not know that the order denying his habeas petition had been entered because the Clerk failed to comply with the Federal Rules of Civil Procedure. The district court's denial of a Rule 60(b) motion is reviewed

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for abuse of discretion.  <u>Dunn v. Cockrell</u>, 302 F.3d 491, 492 (5th Cir. 2002).

Under Rule 60(b), the district court may relieve a party from a final judgment for (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) a void judgment; (5) a satisfied, released, or discharged judgment; or (6) any other reason justifying relief from the operation of the judgment.  FED. R. CIV. P. 60(b).  Any claim based upon subsections (1), (2), or (3) would be time barred as Garcia did not file his Rule 60(b) motion within one year of the denial of his § 2255 motion.  <u>See</u> <u>id.</u>  Subsections (4) and (5) have no application, and Garcia has not shown "any other reason justifying relief from the judgment."  FED. R. CIV. P. 60(b)(6). The district court did not abuse its discretion; the order denying Garcia's Rule 60(b) motion is AFFIRMED.