United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 10, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20750
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAZARO RIOS-PEREZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC Nos. H-01-CA-3764
H-99-CR-663-1
--------------------

Before DAVIS, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:*

Lazaro Rios-Perez, federal prisoner #87752-079, appeals the denial of his FED. R. CIV. P. 60(b) motion seeking to have the judgment dismissing his 28 U.S.C. § 2255 motion vacated. A COA is not required for Rios' appeal because his FED. R. CIV. P. 60(b) motion does not challenge his conviction and essentially seeks to manipulate the jurisdiction of the courts so he can file another 28 U.S.C. § 2255 motion without it being considered successive.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

See Dunn v. Cockrell, 302 F.3d 491, 492 & n.1 (5th Cir. 2002), cert. denied, _____ S. Ct. _____, No. 02-7404, 2003 WL 261938 (U.S. Feb. 6, 2003).

Rios filed a 28 U.S.C. § 2255 motion, challenging the validity of his conviction for illegally reentering the United States following deportation. His 28 U.S.C. § 2255 motion was accompanied by a "Motion for Appointment of Counsel to File a Motion § 2255 to Correct Federal Sentence."

Rios argues, as he did in his FED. R. CIV. P. 60(b) motion, that he sought the help of another inmate in filing his motion for appointment of counsel, that he did not intend to seek relief under 28 U.S.C. § 2255, and that the district court therefore erred in effectively recharacterizing his motion for appointment of counsel as a 28 U.S.C. § 2255 motion. He also argues that the district court abused its discretion in denying his FED. R. CIV. P. 60(b) motion.

The denial of FED. R. CIV. P. 60(b) relief by the district court will be set aside on appeal only for abuse of discretion. See Carter v. Fenner, 136 F.3d 1000, 1005 (5th Cir. 1998). Although Rios asserts that he did not intend to file a 28 U.S.C. § 2255 motion, he did in fact file such a motion, and the district court ruled on the 28 U.S.C. § 2255 motion that he filed. Accordingly, Rios has not shown that the district court abused its discretion in denying his FED. R. CIV. P. 60(b) motion.

The district court's denial of Rios' FED. R. CIV. P. 60(b) motion is AFFIRMED.  Rios' request for a COA is DENIED as unnecessary.