United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 24, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-20191
Conference Calendar

———————————————

JAMES GLAZIER,

Petitioner-Appellant,

versus

JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CV-3639
--------------------

Before DeMOSS, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

James Glazier, Texas prisoner # 878903, appeals the district court's dismissal, without prejudice, of his request for appointment of counsel to prepare a 28 U.S.C. § 2254 petition. The district court denied Glazier a certificate of appealability (COA) and certified that the appeal is not taken in good faith for purposes of appealing in forma pauperis (IFP), pursuant to 28 U.S.C. § 1915(a)(3) and FED. R. APP. P. 24(a)(3). Glazier requests a COA and moves for leave to appeal IFP.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Glazier did not file a habeas corpus petition, he does not require a COA to appeal the district court's order. See Dunn v. Cockrell, 302 F.3d 491, 492 & n.1 (5th Cir. 2002), cert. denied, 123 S. Ct. 1208 (2003).

Glazier has not shown that the district court erred in certifying that the appeal is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997). The district court did not abuse its discretion in dismissing the case without prejudice because Glazier failed to comply with the court's order to file a habeas corpus petition or suffer dismissal of the case for want of prosecution pursuant to FED. R. CIV. P. 41(b). See McNeal v. Papasan, 842 F.2d 787, 789-90 (5th Cir. 1988).

This appeal is without arguable merit and is frivolous; it therefore is DISMISSED. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.

COA DENIED AS UNNECESSARY; IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS.