United States Court of Appeals

Fifth Circuit

**F I L E D**

**December 14, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-51124
Conference Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

CLARANCE CALLIES,

                              Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:03-CV-1149
USDC No. 5:01-CR-4-ALL
---------------------

Before KING, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit Judges.

PER CURIAM:[*]

      Clarance Callies, federal inmate # 13001-180, appeals the

denial of a postjudgment motion in his proceeding brought under

28 U.S.C. § 2255.  He also moves for leave to proceed in forma

pauperis on appeal.  Callies is serving a 240-month sentence for

two counts of trafficking in cocaine base.

      Callies makes several arguments pertaining to his drug-

trafficking conviction and the denial of his 28 U.S.C. § 2255

motion.  To the extent that his postconviction motion attacks the

_____

      [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

order denying the prior 28 U.S.C. § 2255 motion, it is a motion for relief from judgment under FED. R. CIV. P. 60(b). See Harcon Barge Co. v. D & G Boat Rentals, Inc., 784 F.2d 665, 669-70 (5th Cir. 1986). An appeal from the denial of the FED. R. CIV. P. 60(b) motion does not bring the underlying judgment up for appellate review. See Dunn v. Cockrell, 302 F.3d 491, 492 (5th Cir. 2002); Edwards v. City of Houston, 78 F.3d 983, 995 (5th Cir. 1996) (en banc). To the extent that he attacks his underlying conviction, his motion is a successive and unauthorized 28 U.S.C. § 2255 motion. See Dunn, 302 F.3d at 492 n.1; Hess v. Cockrell, 281 F.3d 212, 214 (5th Cir. 2002).

No matter how the postconviction motion is construed, the appeal of its dismissal lacks any arguable merit in fact or law and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). The appeal is therefore DISMISSED. 5TH CIR. R. 42.2.

Because Callies identifies no nonfrivolous issue for appeal, he is not entitled to proceed in forma pauperis ("IFP"), and his motion to proceed IFP is DENIED. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

Callies is WARNED that further frivolous filings will result in the imposition of sanctions.

Callies has filed a motion for release on bail; this motion is DENIED.

APPEAL DISMISSED; SANCTION WARNING ISSUED; ALL MOTIONS DENIED.