United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 14, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 04-60872
Conference Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY KIZZEE,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:99-CV-321-GR
USDC No. 1:96-CR-28-1-GR
---------------------

Before KING, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit Judges.

PER CURIAM:[*]

Anthony Kizzee, federal prisoner # 07411-112, challenged his drug-related convictions in a 28 U.S.C. § 2255 motion. The district court denied his motion and denied Kizzee a certificate of appealability ("COA"). Kizzee filed a FED. R. CIV. P. 60(b) motion, which argued that the district court applied the wrong standard of review in denying his COA motion. Kizzee appeals the denial of his FED. R. CIV. P. 60(b) motion. We review the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court's order for an abuse of discretion.  See Carter v. Fenner, 136 F.3d 1000, 1005 (5th Cir. 1998).

The district court recited the correct legal standards in its order denying Kizzee's COA motion.  See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336, 338 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).  The district court's statement that Kizzee's appeal was not taken in good faith indicates that the district court concluded Kizzee had not made the required showing to obtain a COA.  Moreover, the district court stated that it did in fact consider the COA standard when denying Kizzee's COA motion.  As Kizzee has not shown that the district court's denial of his FED. R. CIV. P. 60(b) motion was an abuse of discretion, the judgment is AFFIRMED.  Kizzee's request for a COA is DENIED AS UNNECESSARY. See Dunn v. Cockrell, 302 F.3d 491, 492 (5th Cir. 2002).