United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 1, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-30044
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SYLVESTER TOLLIVER,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:92-CR-20008-1
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Sylvester Tolliver, federal prisoner # 24806-013, appeals from the district court's denial of his FED. R. CIV. P. 60(b)(6) motion. In his motion, Tolliver argued that his 1996 post-conviction "motion to dismiss 18 U.S.C. § 924(c)(1)," i.e., count three of his indictment, was improperly recharacterized as a 28 U.S.C. § 2255 motion in violation of Castro v. United States, 540 U.S. 375 (2003). Because the Rule 60(b) motion does not seek to challenge the underlying offense of conviction, the district court had

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

jurisdiction to deny the motion. See Hess v. Cockrell, 281 F.3d 212, 214-15 (5th Cir. 2002); cf. Fierro v. Johnson, 197 F.3d 147, 151 (5th Cir. 1999). Because Tolliver's Rule 60(b) motion should not be construed as a successive § 2255 motion, the effect of the ruling in Castro on Tolliver's initial motion is not relevant.

We review the district court's denial of Tolliver's Rule 60(b)(6) motion for abuse of discretion. See Dunn v. Cockrell, 302 F.3d 491, 492 (5th Cir. 2002). The record reflects that vacating the district court's recharacterization of Tolliver's 1996 motion to dismiss as a § 2255 motion would result in the withdrawal of relief that the court had granted Tolliver. Further, Tolliver's Rule 60(b)(6) motion was filed eight years after the district court recharacterized his 1996 motion to dismiss. Tolliver fails to demonstrate why his dilatory Rule 60(b)(6) motion should be considered filed within a reasonable period of time. See Travelers v. Liljeberg Enters. Inc., 38 F.3d 1404, 1410 (5th Cir. 1994). Accordingly, the district court did not abuse its discretion in denying Tolliver's Rule 60(b)(6) motion. See Dunn, 302 F.3d at 492.

For the first time on appeal, Tolliver argues that the district court abused its discretion in denying his motion under Rule 60(b)(5). This argument will not be considered. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

AFFIRMED.