United States Court of Appeals
Fifth Circuit

**F I L E D**

June 19, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-20883
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICARDO SMALLHORN MURRAY,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:01-CR-249-ALL
USDC No. 4:04-CV-138
--------------------

Before JONES, Chief Judge, and JOLLY and DENNIS, Circuit Judges.

PER CURIAM:[*]

Ricardo Smallhorn Murray, federal prisoner # 09279-017, is serving a 78-month term of imprisonment for the unauthorized use of another person's name and Social Security number. Through counsel, Murray seeks a certificate of appealability (COA) from the district court's denial of his motion for relief from judgment under FED. R. CIV. P. 60(b), which was filed after the denial of his 28 U.S.C. § 2255 motion to vacate his sentence.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Murray contends that the denial of his § 2255 motion was erroneous.  This contention need not be considered because the appeal from the denial of a Rule 60(b) motion is not an appeal from the underlying judgment.  See Edwards v. City of Houston, 78 F.3d 983, 995 (5th Cir. 1996) (en banc).

Murray's Rule 60(b) motion was intended only to restart the period in which he could appeal the district court's 2004 denial of his § 2255 motion.  No COA is required.  See Dunn v. Cockrell, 302 F.3d 491, 492 (5th Cir. 2002).  The motion for a COA is denied as unnecessary.

Murray argues that the Rule 60(b) motion should have been granted because neither he nor his lawyer received notice of the denial of the § 2255 motion.  Even if the clerk of court did fail to notify Murray or his lawyer, under FED. R. CIV. P. 77(d) that failure would not have excused Murray from filing a timely notice of appeal.  See Wilson v. Atwood Group, 725 F.2d 255, 256-58 (5th Cir. 1984) (en banc).  No exception to Rule 77 applies because Murray's Rule 60(b) motion was filed more than 180 days after entry of judgment.  See FED. R. APP. P. 4(a)(6)(B).  The denial of the Rule 60(b) motion is affirmed.  See Dunn, 302 F.3d at 493.

COA DENIED AS UNNECESSARY; JUDGMENT AFFIRMED.