# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 17, 2007

Charles R. Fulbruge III
Clerk

No. 05-10100
Summary Calendar

MICHAEL TOMMY UDOH,

Petitioner-Appellant,

v.

NATHANIEL QUARTERMAN,
Director, Texas Department of Criminal Justice,
Correctional Institutions Division,

Respondent-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
No. 4:04-CV-542-Y

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Michael Udoh, Texas prisoner # 835097, was convicted of sexual assault. He requests a certificate of appealability ("COA") to appeal the dismissal of his 28 U.S.C. § 2254 application as time-barred and to appeal the denial of his motion for reconsideration. Because the notice of appeal is untimely as to the underlying judgment, this court does not have jurisdiction to review it. See Bowles v. Russell, 127 S. Ct. 2360, 2366 (2007). The application for a COA from that judgment is DENIED. Because Udoh's notice of appeal is timely with respect to the denial of his FED. R. CIV. P. 60(b) motion, this court has jurisdiction to consider that ruling.

Because the rule 60(b) motion attacked alleged procedural defects in the district court, rather than the merits of his habeas claims, he does not need a COA to proceed on appeal. See Gonzalez v. Crosby, 545 U.S. 524, 530-33 (2005); Dunn v. Cockrell, 302 F.3d 491, 492 (5th Cir. 2002). Accordingly, the application for a COA as to the denial of that motion is DENIED as unnecessary.

In challenging the denial of the rule 60(b) motion, Udoh argues that the district court erred in dismissing his § 2254 application as time-barred. He contends that he obtained evidence of actual innocence more than a year after his conviction, that the requirement that he first exhaust his state remedies prevented him from filing his federal application earlier, and that he delayed filing his application while attempting to obtain legal representation. Udoh has failed to show that the district court abused its discretion in denying that motion. See Provident Life & Accident Ins. Co. v. Goel, 274 F.3d 984, 997 (5th Cir. 2001). Therefore, the denial of the Rule 60(b) motion is AFFIRMED.

Udoh's motions to file a supplemental brief, to supplement the record on appeal, and for appointment of counsel are DENIED. His motion to stay deportation is DISMISSED.