# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 19, 2011

Lyle W. Cayce
Clerk

No. 10-31215
Summary Calendar

EREEDIUS GROSS,

Petitioner-Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-CV-3353

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Ereedius Gross, Louisiana prisoner # 3518216, moves for a certificate of appealability (COA) to appeal from the district court's denial of his motion for relief pursuant to Federal Rule of Civil Procedure 60(b) following the dismissal of his 28 U.S.C. § 2254 habeas corpus application.  Gross challenges his conviction of murder.  We previously dismissed Gross's appeal from the underlying habeas dismissal for lack of jurisdiction because he filed an untimely notice of appeal.  *Gross v. Cain,* No. 10-30515 (5th Cir. Aug. 4, 2010)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-31215

(unpublished).  Gross also moves for leave to proceed in forma pauperis (IFP) following the district court's certification that his appeal is not taken in good faith.

Gross's Rule 60(b) motion sought to reopen the time for him to file a notice of appeal from the judgment dismissing his habeas corpus application.  He does not need a COA to take an appeal from the Rule 60(b) denial, *see Dunn v. Cockrell*, 302 F.3d 491, 492-93 (5th Cir. 2002); his COA motion is DENIED as unnecessary.

Upon receipt of the district court's judgment, Gross could have filed a timely notice of appeal or obtained relief pursuant to Federal Rule of Appellate Procedure 4(a)(5), which allows for an extension of the period for filing a notice of appeal upon a showing of excusable neglect or good cause, if that motion is made within 30 days of the expiration of the 30-day period set out in Rule 4(a)(1)(A).  He cannot circumvent Rule 4(a)(5) with a Rule 60(b) motion.  *See Dunn*, 302 F.3d at 492-93.

Gross's appeal is frivolous.  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.

IFP DENIED; APPEAL DISMISSED.