# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 26, 2013

No. 12-40243
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDWIN JOEL HERNANDEZ, true name Roque Antonio Renteria-Caicedo, also
known as Luis Andres Cotto-Santiago,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 5:09-CV-109
USDC No. 5:08-CR-226-1

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Edwin Joel Hernandez, federal prisoner # 82562-179, pleaded guilty,
pursuant to a plea agreement, to conspiracy to possess with intent to distribute
in excess of five kilograms of cocaine.  In 2009, he unsuccessfully challenged his
conviction and sentence in a motion under 28 U.S.C. § 2255.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 12-40243

He now moves for a certificate of appealability (COA) and leave to proceed in forma pauperis (IFP) to appeal the district court's denial of his motion under Federal Rule of Civil Procedure 60(b). Hernandez asserted in the Rule 60(b) motion that the district court failed to address five of the claims in his earlier 28 U.S.C. § 2255 motion, and he sought to reopen his § 2255 proceedings for the district court to address those claims. Citing *Dunn v. Cockrell*, 302 F.3d 491, 492 (5th Cir. 2002), Hernandez also requested that the judgment dismissing his § 2255 motion be reentered in order to restart his time for appealing the denial of his § 2255 motion. The district court determined that the Rule 60(b) motion constituted an unauthorized successive § 2255 motion that it lacked jurisdiction to consider.

With respect to Hernandez's Rule 60(b) argument that his § 2255 proceedings should be reopened because the district court failed to address some of his § 2255 claims, a COA is required because the issue involves an attempt by Hernandez to use Rule 60(b) to alter or amend the original § 2255 judgment. *See Ochoa Canales v. Quarterman*, 507 F.3d 884, 887-88 (5th Cir. 2007). To obtain a COA with respect to this issue, Hernandez must show that a reasonable jurist would debate the correctness of the district court's denial of Rule 60(b) relief. *See Hernandez v. Thaler*, 630 F.3d 420, 428, 430-31 (5th Cir. 2011). Regarding this issue, Hernandez contends that the district court erred in construing his Rule 60(b) motion as a successive § 2255 motion because his argument that the district court failed to address some of his § 2255 claims attacked a defect in the integrity of his § 2255 proceedings, rather than the district court's resolution of his § 2255 claims on the merits. *See Gonzalez v. Crosby*, 545 U.S. 524, 532 & n.4 (2005).

In denying Hernandez's § 2255 motion, the district court did address the five claims in dispute, deciding that they were barred by the waiver of collateral review in Hernandez's plea agreement. Hernandez's Rule 60(b) motion contained no argument challenging that determination, and he does not brief

any argument here undermining the district court's analysis and conclusion that his waiver of collateral review was enforceable and applicable to those claims. Thus, even if Hernandez is correct that his challenge to the district court's failure to address some of his § 2255 claims attacked only a defect in the integrity of his § 2255 proceedings, he has not made the showing required to obtain a COA on this issue. *See Hernandez*, 630 F.3d 420 at 428, 430-31. Accordingly, we deny a COA as to this issue.

Hernandez also challenges the denial of his Rule 60(b) request for the judgment dismissing his § 2255 motion to be reentered to allow him to timely appeal from the denial of his § 2255 motion. A COA is not required with respect to this part of Hernandez's appeal, and Hernandez's motion for a COA is denied as unnecessary with respect to this issue. *See Ochoa Canales*, 507 F.3d at 887-88; *Dunn*, 302 F.3d at 492.

A Rule 60(b) motion which seeks reentry of a judgment dismissing a § 2255 motion in order to allow the filing of a timely appeal should not be treated as a successive § 2255 motion. *See Dunn*, 302 F.3d at 492 n.1. Nevertheless, Hernandez has not shown that he was entitled to relief under Rule 60(b) with respect to this issue, as Rule 60(b) may not be used to circumvent the requirements under Federal Rule of Appellate Procedure 4(a)(5) for obtaining an extension of time to file an appeal. *See Dunn*, 302 F.3d at 492-93. Accordingly, we affirm the denial of Rule 60(b) relief with respect to Hernandez's request for reentry of the judgment dismissing his § 2255 motion.

AFFIRMED IN PART; COA MOTION DENIED; IFP MOTION DENIED.