Into The United States ConstitutionAL Court
Of The Texas Court Of Criminal Appeals And
Its Justices, Supreme Court Building, 201 -
West 14th Street, room 106, Austin Texas 78711

53,692-01

RECEIVED IN
COURT OF CRIMINAL APPEALS
JUL 13 2015
Abel Acosta, Clerk

Delivence, Andre Sims, Pro Se,
Applicant-Relator
    Versus,
Eddie D.Baker;Intruders:
**Joshua Vincent-Intern**(unkonwn FOR what)
Andrew J.Smith(or co-signer), as Assist,
District Attorney to Harris County, Texas,
John/Jane Doe judge presiding, 351st Dist-
rict Court to/for Harris County, Texas,
 Respondent(s)/Intruder(s)

Civil Action Nu:_____  _____

Inre:Tr.Ct.Rd.#765557,

Pleading for a writ of mandamus
And Complusory Counsel-claim

        Applicant's Pleading For A Writ Of Mandamus, and His Complusory
        Counter-Claim Against Illegal Third Party Intervener(s) With Its
        OR Their Illegal-Improper Motion Practice In said Case Sub Judice

TO The Texas Court Of Criminal Appeals and its Justices, Respondent(s) and
  Illegal Party Interveners;
Let there be Understanding, comes now, One, Sims Andre Delivence, Applicant/Relator
herein after in Pro Se capacity, and in the above styled, Caption, and Numbered Ca-
use of action, Case, and in this proceedings, brings [t]his Application for a Writ-
of Mandamus, along with his necessary Complusory Counter Claim(s) motion against-
third Party interveners, and will herein too invoke this Texas Court of Criminal-
Appeals Jurisdiction to proscribed State(as well as federal)law, and compel said
laws to be applied against an intruder judge, with an undecipherable and unident-
ifiable name, acting clearly outside if its jurisdiction over this said above ca-
se and cause of action, pursuant to Texas Government Code,§ 22.221(b), along with-
Rule 72.1, and 72.2 of the Texas Rules of Appellate Procedure, for said intruding
judge, not appearing for verified authenticated judgementship in compliance with
the Texas Constitution and Statutory law, and thereafter, abusing its judicial au-
thority, by failing to correct its usurpation of authority over the subject-matt-
er cause under number 765557, and then to make matters more wrose, intentionally -
failed to perform its **ministerial** duties to have ackonledged its basis of its -
own original competent jurisdiction over said cause, and on its own motion of nec-
essity, as obligatory dutites emplaced bt State of Texas law, and for such other -
reasons in this proceedings sub judice, and thus, Relator files [t]his application
for the issuance of a writ of mandamus directing the intruding(john/jane doe)jud-
ge to recuse its self from said cause of action under number 765557, and recall -
its illegal adoption of **Joshua Vincent's and Andrew J.Smiths** illegal proposed mo-
tion practice, and baseless proposed brief, as "STATE'S ORGINAL ANSWER" -signed by
Andrew J.Smith on June 17th, 2015, in for this case at bar...Inwhich relator was
convicted unlawfully in said trail Court for murder.Inmore emphasis of this want
of mandamus application, Relator will state to this said Court the following:
A) On an unknown data the Prosecuting Attorney for cause number 765557, forged and-
  fraudulently issued an indictment, hile never impaneling a grand jury panel to -
  have returned a legitimate and valid indictment or True Bills of Indictment, as a
  matter of law and justice performed in Harris County Texas.Hence, no Harris Coun-
  ty was empaneled to conveye and investigate the surrounding circumstances of sa-
  id Cause indispute sub judice, and thereby, no grand jury under the laws of Texas
  charged this Relator with the offense of some imprecise and unspecific murder, as
  a non-Capital offense(as cited in Relator's memorandum petition/application for
  a writ of habeas corpus).Relator states not only were there other defendants co-
  nvicted for that same offense, as the principal culprit(s), but it was there in-
  that trial Court that the judge had a duty to read the alleged indictment's con-
  tents for obtaining legal jurisdiction.e.g., **State V.Chatman**, 671 F.2d 531,538(KA-
  N.1983); **Garcia V.Dial**, 596 S.W.2d 524,528(Tex.Cr.App.1980); **Cook V.State**, 902 S.W.-
  471,476,n.6-7(Tex.Cr.App.1995), id.at 475,& at n.4-5....

1.law.

**Fatally Defective Process of Service:**

B) The underlying proceeding involves action out side of the scope of law and inaction by the trial Court,judge,as it also fails to issue the writ of habeas-corpus to the proper and legal person holding your Relator unlawfully and illegal against his will and restrained of his liberty,pursuant to Articles 11.01,-11.02,11.03,11.04,11.05,11.10,11.11,11.12,11.13,11.14(1) to (5),11.15,11.16(Texas Code of criminal Procedure)[for the purpose of invoking Art.11.07,§§ 1,& 3(a)-(b);4(a)(1),(2),& (b),& (c); § 5 et seq(TCCP)];Texas Rules of Civil Procedure,-Rules 106 & 21a;**Hamdi V.Rumsfeld**,542 U.S.507,124 S.Ct.2633,159 L.Ed.2d 578(2004); **Rumsfeld V.Padilla**,524 U.S.426,124.S.Ct.2711,159 L.Ed.2d 513(2004) 8;**Rasual V.-Bush**,542 U.S.466,124 S.Ct.2686,159 L.Ed.2d 548(2004),9;**U.S.V.Moussaoui**,365 F.3d 292,300-02,n.4-5(4th Cir.2004)(case law cited);Cf.**Baker V.Monsanto**,111 S.W.3d -158,161(Tex.2003)(citation in original).This civil action was filed against the warden of the Michael Prison Unit,as indicated in Relator's memorandum of law,-attached to his application for writ of habeas corpus.**Eddie D.Baker**(or success-or in place)is the warden and the proper legal Respondent to have been served. with respect to the writ of habeas corpus petition,and thus,was supposed to be - the **Person** who has custody over this Relator-Applicant,and jurisdiction of the issuance of writ thus lies with this Texas Court of Criminal Appeals justices-over this case,and cause of action,and parties of interest,as Respondent **Baker**-named in the habeas corpus petition.Ibid.

C) "The third party intervener(s) never give Relator notice they were intervening with or without State Court authority-in this case at bar,against him,for what ever unfounded reasons alleged in their baseless and illegal motion practice,& - thus,Relator never got his opportunity to contend against such unlawful interv-ention,and that includes,Relator being deprived to timely file any motions for otice to Include and Augment the record for his motion to quash [void] indictm-ent,with his challenge to the trail Court's intruding judge's odoption of ille-gally obtained extrinsic third Part's evidence,"as if TITLED:"...PROPOSED FIND-INGS OF FACT,CONCLUSIONS OF LAW.Id.See Page 1 of 4 and page 2 to 4.Hence,those proposed false findings are conclusionary allegations,because the trial Court's [ habeas] judge or intruder never conducted proceedings as under 11.07,3(c),nor as would have been held under3(d)(TCCP),and totally disregarded Relator's claim-(s) that fall under Art.11.07,§ 4(a)(1) ans (2),& (b),& (c)-these are provision-(s) Relator relied on in support of his submitted and enumerated exhibitation - submitted with his habeas writ in chief.In plain langauge,Relator's claim here-in too,involves the State Court's Prosecutor/Government's agents perpetrating-a fraud upon the Courts-during the collateral review proceedings.**U.S.V.Winest-ock**,340 F.3d 200,207,n.7(4th Cir.2004),citing **Dunn V.Cockrell**,302 F.3d 491,492, n.1(5th Cir.2003)(other cases);**Ryland V.Shapiro**,708 F.2d 967,972,n.5(5th Cir.19-83),among other precedent cases upon shepperdizing these citions.But the fact - that due process affords a habeas corpus Petitioner the[his]right to a fair opp-ortunity in State Court to discover and present potential exclupatory evidence-that was not contained in the record on direct apppeal.e.g.,District Attorney-

2.Law.

Office V.Osborn,557 U.S.52(2009)(citation in original).Thus,Andrew Smith's interference with Applicant's/Relator's want of habeas corpus proceedings,is an unlawful impediment,and Baker has not yet been served the writ to deliver-Relator's body in Court and address this question of a liberty interest,under claims of fraudulent indictment.But these issues involve a State fact develope-ment that has not taken place yet,combined with practically non-existent fact-developement procedure on the habeas corpus proposed....Which automatically,am-ounts to an unconstitutional "Suspension" of the Writ.e.g.,Boumedine V.Bush,533 U.S.723(2008).Therefore,Relator has no other adquate remedy at law,to correct - this issue of fraud-upon-the-Courts by said intruders and inactions bythe trial Court and it's habeas corpus judge assigned to this Case sub judice.Which means the act sought to be compelled is purely ministerial in nature.The Law guarant-ees that every Petitioner/PrisonerRelator has a clear right to the relief sou-ght by him.And as his memorandum of law shows,his claim'(s) merits are ground-ed and rooted on United States Constitutional Voilations,of his Civil Rights - amoung many Texas State laws violated by the Prosecution team.Hence,the merits of relief are beyond dispute.Which means Relator meets the requirements of le-gal right that neccessitates that the law plainly decribe the duty to be perf-ormed,such that there is no room for discretion.e.g.,Deleon V.District Clerk, 187 S.W.3d 473,474-75,n.1,3,4,5(Tex.Cr.App.2006).

Wherefore Premises Duly considered,for all the above reasons and for any other reasons shown in the trial Court's record or on hearing under de novo,and - on the further testimony,evidence anticipated to be adduced on said evidentiary evidentiary inconnection with Relator's want of writ of mandamus,with his Com-pulsary Counter-Claim insupport of relief from such unlawful intervention by - said interveners.This Court of Criminal Appeals of Texas,has jurisdiction to is-sue the Writ of mandamus in this cause,pursuant to Article 5,§5A of the Texas - Constitution,and Article 4.04(TCCP),directing the trial Court and its Judge - to file all additional attached documentation to the application for a writ of ha-beas corpus,as contemporaneously submitted by Relator,as well as all his exhib-its entered,and must be part of the habeas corpus record in chief.Then,this sa-id Court's justices can strike the illegal third Party's ilegal motion-brief - filed,as baseless and illegal extrinsic facts or misstatement of fact.In the In-terest of justice,may this Court's justices declear Relator is entitled to the - writ of mandamus directing the trial judge or and intruder,to set aside its Ord-er of June 22nd,2015,in cause number 765557,and to dismiss the cause for non-Val-id charging instrument,and any other relief this Court's justices find deemed.
Executed on __8__ this day of __July__ 2015,

Repectfully submitted _Delivence Sims_
Anrew Delivence Sims
(00833100;2664 F.M.2054
Mark Wayne Michael Unit
Tennessee Colony,Texas 75886

Affidavit Prosed Above/Certificate of Service
I, _Delivence Sims_ ,TDCJ# _833100_ ,am precesently illegally, and unlawfully incarcerated,restrained and confind of My liberty at the Mark W. Michael Prison Unit,located in Anderson County,Texas,at 2664 F.M.2054,Tennessee Colony,Texas 75886 and I declare under penalty of perjry,that I have sent the trial Court(intruders)a copy of my mandamus and counter claim on this __8__ day of __July__ ,2015,pursuant to,§§ 132.001-132.003,of Title 6,Texas Civil Practice & Remedies Code, _____
Affiant/Relator Pro Se

RECEIVED
COURT OF CRIMINAL APPEALS
JUL 13 2015
Abel Acosta, Clerk

3.Law.