# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20557

United States Court of Appeals
Fifth Circuit

**FILED**

February 21, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANDRE MCDANIELS, also known as Dre,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-2952

Before JONES, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Andre McDaniels, federal prisoner # 08723-045, is serving a 96-month sentence following his convictions for conspiring to participate in sex trafficking, transportation of an individual in interstate commerce with intent for that individual to engage in prostitution, and coercion and enticement of an individual to travel in interstate commerce to engage in prostitution. After the district court denied McDaniels's 28 U.S.C. § 2255 motion, his Federal Rule of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20557

Civil Procedure 59 motion, and his "Motion to Continue and Extend Time," this court dismissed his appeals as untimely.

McDaniels now seeks a certificate of appealability (COA) from the district court's denial of his Federal Rule of Civil Procedure 60(b) motion, which motion was filed after our dismissal of his prior appeals. He does not challenge the rejection of his claim that the district court had previously erred in denying Rule 59 relief based on waiver grounds; accordingly, he has abandoned that claim. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993); FED. R. APP. P. 28(a)(8).

McDaniels argues that the district court erred by rejecting his argument that he was prevented from timely appealing the denial of his § 2255 motion by the district court's failure to timely notify him, as required by Federal Rule of Civil Procedure 77(d), of the order denying Rule 59 relief. Insofar as he challenges an alleged procedural defect in his §2255 proceeding which, he contends, prevented this court from considering the merits of his § 2255 appeal, his motion does not constitute a successive § 2255 motion. *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005); *Dunn v. Cockrell*, 302 F.3d 491, 492 & n.1 (5th Cir. 2002). Further, because he raised this argument solely so that he could timely appeal the denial of § 2255 relief to this court, no COA is required. *See Ochoa Canales v. Quarterman*, 507 F.3d 884, 888 (5th Cir. 2007); *Dunn*, 302 F.3d 492. We review the denial of the Rule 60 motion for an abuse of discretion. *See Dunn*, 302 F.3d at 492.

Under the law of the case doctrine, this court's prior determination that it lacked jurisdiction because McDaniels's notices of appeal were untimely is binding. *See Fuhrman v. Dretke*, 442 F.3d 893, 896-97 (5th Cir. 2006). McDaniels's Rule 60 motion could not substitute for a timely notice of appeal, nor could the motion be employed to circumvent the mechanisms found in

No. 15-20557

Federal Rule of Appellate Procedure 4(a)(6) for reopening the time for filing a notice of appeal. *See Dunn*, 302 F.3d at 492-94. Further, the December 2014 Rule 60 motion could not have been construed by the district court as a timely Rule 4(a)(6) motion since the Rule 59 motion was denied in April 2014, and McDaniels concedes that he received the denial order no later than July 2014. *See* Rule 4(a)(6)(B). To the extent that McDaniels argues that (1) the district court should have construed his "Motion to Continue and Extend Time," as a Rule 4(a)(6) motion, and (2) the district court's failure to timely notify him of the order denying Rule 59 relief automatically triggered Rule 4(a)(6), his arguments will not be considered because he raises them for the first time in this court. *See Yohey*, 985 F.2d at 225.

Accordingly, McDaniels's motion for a COA is DENIED AS UNNECESSARY, and the judgment of the district court is AFFIRMED.