# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40582

United States Court of Appeals
Fifth Circuit

**FILED**

June 30, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EARNEST LYNN ROSS,

Defendant-Appellant

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 4:10-CV-293
USDC No. 4:08-CR-143-1

Before JOLLY, DAVIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Earnest Lynn Ross, Texas prisoner # 1728219 and federal prisoner # 15348-078, was convicted in federal court of two counts of possession of a firearm by a convicted felon. He filed a petition for a writ of error coram nobis challenging these convictions; we previously held that Ross was not entitled to such relief because he was in custody but remanded so the district court could construe his petition as a timely 28 U.S.C. § 2255 motion. The district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40582

ultimately dismissed Ross's case without prejudice for failure to prosecute, and we dismissed Ross's appeal because his notice of appeal was untimely.

Following this ruling, Ross filed a Federal Rule of Civil Procedure 60(b) motion, in which he asserted that he had reasonably believed that when his case was remanded, the district court was on notice of his change of address. In addition, he contended that the prison mailbox rule should have applied to the objections and the notice of appeal he filed following the dismissal for failure to prosecute. The district court denied relief, concluding that Ross failed to show that the dismissal of his case was the result of inadvertence or excusable neglect, that the Rule 60(b) motion was untimely, and that the motion constituted an unauthorized successive § 2255 motion. Ross now seeks a certificate of appealability (COA) to challenge the district court's denial of his Rule 60(b) motion.

A COA is necessary to appeal the denial of Rule 60(b) motion, except "when the purpose of the motion is to reinstate appellate jurisdiction over the original denial of habeas relief." *Ochoa Canales v. Quarterman*, 507 F.3d 884, 888 (5th Cir. 2007) (28 U.S.C. § 2254 proceeding). Ross's assertions that the district court erred in dismissing his § 2255 case for failure to prosecute based on his failure to update his address do not seek to reinstate appellate jurisdiction and require a COA. *See id.*; *see also Gonzalez v. Crosby*, 545 U.S. 524 532 & n.4 (2005) (§ 2254 proceeding) (stating that a Rule 60(b) challenge to a procedural ruling that precluded a merits determination constitutes a proper Rule 60(b) challenge). In order to obtain a COA, Ross must establish that "a jurist of reason could conclude that the district court's denial of [his] motion was an abuse of discretion." *Hernandez v. Thaler*, 630 F.3d 420, 428 (5th Cir. 2011).

No. 16-40582

Ross maintains that the district court wrongly determined that his Rule 60(b) motion was untimely because his claims arose under Rule 60(b)(6), which must only be filed "within a reasonable time." Rule 60(c)(1). In addition, he contends that his failure to advise the district court of his address change was reasonable because he had been transferred to a state prison while his case was pending on appeal and he could not have anticipated a remand. Ross also asserts that the reference in our remand order to his Texas prisoner number should have put the district court on notice of a transfer to a state prison facility. He has not established that reasonable jurists would conclude that the district court's denial of relief constituted an abuse of discretion. *See Hernandez*, 630 F.3d at 428.

In contrast, Ross's challenges to the timeliness of the notice of appeal he filed following the dismissal for failure to prosecute are in effect an attempt to reinstate appellate jurisdiction, and he does not need a COA to appeal the denial of Rule 60(b) relief on that ground. *See Dunn v. Cockrell*, 302 F.3d 491, 492 & n.1 (5th Cir. 2002) (§ 2254 proceeding). Ross contends that his notice of appeal should have been considered timely or that the district court should have reopened the time for filing an appeal under Federal Rule of Appellate Procedure 4(a)(6) because he did not receive timely notice of the district court's dismissal, he diligently attempted to file a timely notice of appeal, and he should have received the benefit of the prisoner mailbox rule. Under the law of the case doctrine, we are bound by our prior determination that we lacked jurisdiction because Ross's notice of appeal was untimely. *See Fuhrman v. Dretke*, 442 F.3d 893, 896-97 (5th Cir. 2006). Moreover, a Rule 60(b) motion is not a substitute for a timely notice of appeal. *See Dunn*, 302 F.3d at 492-94.

Accordingly, Ross's motion for a COA is DENIED IN PART and DENIED IN PART as unnecessary. To the extent that a COA was unnecessary, the

No. 16-40582

judgment of the district court is AFFIRMED.  Ross's motion for leave to proceed
in forma pauperis is DENIED.