# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50032

United States Court of Appeals
Fifth Circuit

**FILED**
September 29, 2017

Lyle W. Cayce
Clerk

RANDALL SCOTT JORDAN,

Petitioner−Appellant,

versus

LORIE DAVIS, Director,
  Texas Department of Criminal Justice, Correctional Institutions Division,

Respondent−Appellee.

Appeal from the United States District Court
for the Western District of Texas
No. 1:14-CV-1149
No. 1:14-CV-1150
No. 1:14-CV-671

Before JOLLY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Randall Jordan, Texas prisoner #1672271, seeks a certificate of appealability ("COA") from the denial of a motion under Federal Rule of Civil Procedure 60.  No COA is required, however, because Jordan seeks to challenge

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50032

only the district court's ruling that he failed to file a timely notice of appeal after the dismissal of his 28 U.S.C. § 2254 petition. *See Ochoa Canales v. Quarterman*, 507 F.3d 884, 888 (5th Cir. 2007); *Dunn v. Cockrell*, 302 F.3d 491, 492 n.1 (5th Cir. 2002).

The denial of the Rule 60 motion is reviewed for abuse of discretion. *See Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. Unit A Jan. 1981). Jordan asserts that the district court lacked jurisdiction to consider the timeliness of the notice of appeal because this court never authorized it to correct a clerical mistake under Rule 60(a). Aside from Rule 60(a)'s having no applicability under the circumstances, jurisdiction was never conferred on this court, so the district court was never deprived of jurisdiction, because we dismissed the appeal for lack of jurisdiction on account of the absence of a timely notice of appeal. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007) (holding that a timely notice of appeal is a jurisdictional requirement in a § 2254 case); *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (noting the general jurisdictional effects of a timely notice of appeal).

More significantly, our dismissal of No. 16-50019 for lack of a timely notice of appeal is the law of the case. *See Fuhrman v. Dretke*, 442 F.3d 893, 897 (5th Cir. 2006). In addition, a Rule 60 motion may not be used to circumvent the time limits for appealing, especially where the motion was made after the time for seeking an extension of time for appeal has expired. *See Dunn*, 302 F.3d at 492–93; *see also Perez v. Stephens*, 745 F.3d 174, 177–79 (5th Cir. 2014).

Accordingly, the motion for a COA is DENIED as unnecessary. The order denying Rule 60 relief is AFFIRMED.