# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-50246

United States Court of Appeals
Fifth Circuit

**FILED**

July 17, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CLETO SAMUEL DURAN, also known as Boy,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 1:05-CV-237
USDC No. 1:03-CR-144-3

Before SOUTHWICK, HAYNES, and HO, Circuit Judges.

PER CURIAM:[*]

Cleto Samuel Duran, federal prisoner # 28996-180, pleaded guilty to the charge of conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act, and no direct appeal was taken following his conviction. Duran's initial 28 U.S.C. § 2255 motion challenging that conviction was denied, and no timely appeal was filed by Duran's retained counsel. Duran's counseled motion for leave to file an out-of-time appeal was denied on the merits in June

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2007, and his August 2009 pro se motion for reconsideration of the June 2007 order, filed pursuant to Federal Rule of Civil Procedure 60(b), was denied as untimely.  In February 2017, Duran filed the instant Rule 60(b) motion seeking to be restored to the opportunity to appeal the denial of his § 2255 motion.  The district court construed the instant motion as challenging the denial of his previously filed Rule 60(b) motion and denied it on the merits.  Duran now seeks a certificate of appealability (COA) to appeal that denial.

This case presents only Duran's appeal from the denial of his Federal Rule of Civil Procedure 60(b) motion and not an appeal from the merits disposition of his habeas petition; consequently, no COA is required.  *See Dunn v. Cockrell*, 302 F.3d 491, 492-93 (5th Cir. 2002).  Accordingly, Duran's motion for COA is denied as unnecessary.

The only issue before us is whether the district court abused its discretion in denying the Rule 60(b) motion.  *See Dunn*, 302 F.3d at 492.  The sole purpose for the filing of Duran's Rule 60(b) motion was to circumvent the jurisdictional flaw caused by his attorney's failure timely to file a notice of appeal from the judgment denying habeas relief.  A Rule 60(b) motion is not a substitute for a timely appeal.  *Dunn*, 302 F.3d at 492.  Duran has long been aware of his attorney's shortcomings.  His discovery that his attorney was the subject of numerous disciplinary proceedings merely corroborates his earlier claims that counsel was ineffective in failing to timely appeal the denial of his § 2255 motion.  But it does not show that the district court's denial of his previously filed Rule 60(b) motion as untimely should be disturbed.  The district court's denial of Duran's instant Rule 60(b) motion was not "so unwarranted as to constitute an abuse of discretion."  *Seven Elves, Inc.*, 635 F.2d 396, 402 (5th Cir. 1981).  Because Duran has not shown that his appeal

No. 17-50246

has any arguable legal merit, it is frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

Accordingly, Duran's motion for a COA is DENIED AS UNNECESSARY. His motion for leave to proceed IFP on appeal and his motion for the appointment of counsel are DENIED, and the appeal is DISMISSED as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); *Howard,* 707 F.2d at 220; 5TH CIR. R. 42.2.