BY THE COURT:
Over 20 years ago, on September 20, 1989, Leroy Wfiiite was sentenced to death for the brutal murder of his wife. White is scheduled to be executed on January 13, 2011 at 6:00 p.m. CST. On January 11, 2011, this Court denied White’s motion for a stay of execution.
White again asks this Court to temporarily stay his execution. White’s second motion for a stay follows the district court’s denial of his Federal Rule of Civil Procedure 59(e) motion to alter or amend the district court’s judgment. White’s Rule 59(e) motion, in turn, follows the district court’s denial of White’s Rule 60(b) motion to vacate and then reinstate the court’s June 26, 2009 judgment denying White’s 28 U.S.C. § 2254 petition in order to start a new 30-day period for filing a notice of appeal. On January 12, 2011 at 9:00 p.m., the district court denied White’s Rule 59(e) motion and corresponding motion for a stay of execution in a 9-page memorandum opinion.
This Court likewise denies White’s second motion to stay his execution for the reasons outlined in the district court’s order. In particular, we agree with the district court that White has wholly failed to show a significant possibility of success on the underlying federal habeas claim about which "White seeks to file a belated appeal. White has also failed to show a significant possibility of success on his claim that the district court abused its discretion in denying his Rule 60(b) motion, especially given his lack of due diligence.
A request for a stay of execution is a request for equitable relief. Williams v. Allen, 496 F.3d 1210, 1212-13 (11th Cir.2007); see also Hill v. McDonough, 547 U.S. 573, 584, 126 S.Ct. 2096, 2104, 165 L.Ed.2d 44 (2006). As we have said before, to obtain the equitable relief of a stay, White must show a significant possibility of success on the merits of the underlying claim in issue:
“[T]he equitable principles at issue when inmates facing imminent execution delay in raising their ... challenges are equally applicable to requests for both stays and injunctive relief’ and are “not available as a matter of right.’ ” Williams v. Allen, 496 F.3d 1210, 1212 (11th Cir.2007) (quoting Grayson v. Allen, 491 F.3d 1318, 1322 (11th Cir.2007) (“Grayson II ”), cert. denied, 551 U.S. 1176, 128 S.Ct. 6, 168 L.Ed.2d 784 (2007)). Those equitable principles include (1) “sensitiv[ity] to the State’s strong interest in enforcing its criminal judgments without undue interference from the federal courts,” (2) the plaintiffs satisfaction of “all of the requirements for a stay, including a showing of a significant possibility of success on the merits,” (3) the application of “a strong equitable pre-' sumption against the grant of a stay where the claim could have been brought at such a time as to allow consideration of the merits without requiring entry of a stay,” and (4) protection of the “States from dilatory or speculative suits.” Hill v. McDonough, 547 U.S. 573,126 S.Ct. 2096, 2104, 165 L.Ed.2d 44 (2006) (quoting Nelson v. Campbell, 541 U.S. 637, 649-50, 124 S.Ct. 2117, 2126, 158 L.Ed.2d 924 (2004)). The strong interest of the State and the victims’s families is in “the timely enforcement of a sentence”, id. at 2104, which acquires “an added moral dimension” once post- *295 trial proceedings finalize. Calderon v. Thompson, 523 U.S. 538, 556, 118 S.Ct. 1489, 1501, 140 L.Ed.2d 728 (1998).
Arthur v. King, 500 F.3d 1335, 1340 (11th Cir.2007) (brackets in original). 'White has not demonstrated a significant possibility of success on the merits of an issue he would raise in a belated appeal even if his Rule 60(b) motion were granted. We agree with the district court that White “has offered nothing in his present motion that gives this court pause in finding that he has not shown entitlement to relief concerning any underlying substantive issue that might be raised in a belated appeal.” Doc. 47 at 7.
In addition, White has completely failed to show that he acted with any diligence, much less due diligence, with regard to an appeal of the district court’s June 26, 2009 denial of his federal habeas petition. White’s unjustifiable delay in filing the second stay motion (and now, for the first time, supporting affidavits within hours of his execution) must also be taken into account in deciding whether he is entitled to equitable relief. In his just-filed affidavit, White admits that on July 13, 2010, he received the State’s motion requesting an execution date, at which point he became aware that the district court had denied his federal habeas petition in June 2009. White has unjustifiably and inexcusably delayed filing his second stay motion and, indeed, did not file any evidence until January 12, 2011, only hours before the execution. More importantly, even the evidence White does belatedly proffer shows that the last contact White had with his counsel was in 2006, when he was notified that one of his five attorneys had withdrawn, and there is no evidence White made any attempt to contact any of his counsel from 2006 to 2010. Thus, White’s own belated affidavit reveals he was not diligent in keeping track of his federal case.
Finally, we note that there is a serious question as to whether a Rule 60(b) motion is an available vehicle to re-start the filing period for a notice of appeal. See Jackson v. Crosby, 437 F.3d 1290, 1296 (11th Cir.2006). White’s Rule 60(b) motion, filed in the district court, does not ask for relief from the order of the district court denying his § 2254 petition, but instead is an attempt to resuscitate his time for filing a notice of appeal with this Court. White’s Rule 60(b) motion requested the district court “to vacate and reinstate the judgment issued in this case on June 26, 2009 for the purposes of commencing a new 30-day period for filing a notice of appeal.” Doc. 33 at 1. In effect, White is attempting to gain a second chance at a timely appeal through a Rule 60(b) motion, which circuit courts, including this one, have disallowed. See Jackson, 437 F.3d at 1296; see also Dunn v. Cockrell, 302 F.3d 491, 492 (5th Cir.2002) (affirming district court’s denial of Rule 60(b) motion where “[t]he sole basis for the motion was to vacate and reenter the judgment to allow [petitioner] to file a timely notice of appeal which was not done initially because of the negligence of his attorneys,” and noting petitioner could not use Rule 60(b) as a substitute for a timely appeal); Cavaliere v. Allstate Ins. Co., 996 F.2d 1111, 1115 (11th Cir.1993) (quoting Burnside v. Eastern Airlines, Inc., 519 F.2d 1127, 1128 (5th Cir.1975) (“The well-recognized rule ... precludes the use of a Rule 60(b) motion as a substitute for a proper and timely appeal.”)). And even if Rule 60(b) is somehow a potentially available vehicle, failure to comply with the statutory time limits for an appeal deprives the district court of jurisdiction to grant an out-of-time appeal, especially when the time for appeal expired more than a year ago. See Bowles v. Russell, 551 U.S. 205, 209-10, 127 S.Ct. 2360, 2363-64, 168 L.Ed.2d 96 (2007). For purposes of this stay request only, however, we will *296 assume arguendo that White somehow can file a Rule 60(b) motion to restart the appeal clock because White has not shown grounds for obtaining any habeas relief on his underlying § 2254 claims in any event.
This Court denies White’s motion for a stay of execution.
MOTION DENIED.