# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 20, 2012

No. 11-50330
Summary Calendar

Lyle W. Cayce
Clerk

GARY HAYDEN GIBBS,

Petitioner-Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:09-CV-716

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Gary Hayden Gibbs, Texas prisoner # 01314975, appeals the district court's denial of his "motion for order nunc pro tunc approving filing of notice of appeal," seeking an extension of time to file a notice of appeal based on excusable neglect. A certificate of appealability is not required to appeal the denial of a motion seeking an extension of time to file an appeal of the denial of a 28 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50330

§ 2254 petition. *See Ochoa Canales v. Quarterman*, 507 F.3d 884, 888 (5th Cir. 2007); *see also Dunn v. Cockrell*, 302 F.3d 491, 492 (5th Cir. 2002).

Gibbs argues that: the district court failed to notify him that his notice of appeal was untimely; the lack of notice constitutes an extraordinary circumstances that justifies his late notice under the excusable neglect standard; and excusable neglect exists because his counsel abandoned him and did not file a notice of appeal. Because Gibbs's motion was filed after this court dismissed his appeal as untimely, this court's prior determination that it lacked jurisdiction to consider the appeal is binding under the law of the case doctrine and should not be revisited here. *See Fuhrman v. Dretke*, 442 F.3d 893, 896-97 (5th Cir. 2006). Further, Gibbs has not shown the district court abused its discretion in denying the motion. Because Gibbs did not raise a claim of clerical error or oversight, he could not obtain relief by filing a motion for a nunc pro tunc order or a motion for nunc pro tunc corrections under FED. R. CIV. P. 60(a). *See United States v. Steen*, 55 F.3d 1022, 1026 n.3 (5th Cir. 1995). Because Gibbs's motion was filed more than 180 days after the entry of the judgment, it was untimely under the provisions of Federal Rule of Appellate Procedure 4(a)(5)(A)(i) and 4(a)(6)(B). To the extent that it could be construed as a Federal Rule of Civil Procedure 60(b) motion, the district court did not abuse its discretion in denying it because Rule 60(b) cannot be used to circumvent the relief available under Rule 4(a)(5). *See Dunn*, 302 F.3d at 492-93. Gibbs has not shown that the district court had a duty to notify him that his notice of appeal was untimely, that the lack of notice warrants a finding of excusable neglect, or that his counsel's alleged abandonment prevented him from filing a timely notice of appeal. Gibbs has not shown that the district court abused its discretion in denying his unauthorized motion. *See United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994).

AFFIRMED.

2