**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a1074n.06

No. 11-1892

| | | |
|---|---|---|
| UNITED STATES COURT OF APPEALS<br>FOR THE SIXTH CIRCUIT | | **FILED**<br>***Oct 12, 2012***<br>DEBORAH S. HUNT, Clerk |

JACK HALL,                                                                )
                                                                                    )
     Petitioner-Appellant,                              )          ON APPEAL FROM THE
                                                                                    )          UNITED STATES DISTRICT
v.                                                                               )          COURT FOR THE EASTERN
                                                                                    )          DISTRICT OF MICHIGAN
DEBRA SCUTT, Warden,                                          )
                                                                                    )
     Respondent-Appellee.                             )
                                                                                    )

BEFORE:  BATCHELDER, Chief Judge; KEITH and MARTIN, Circuit Judges.

PER CURIAM.  Jack Hall, who is represented by counsel, appeals a district court order denying his motion for reissuance of its opinion that had denied his petition for a writ of habeas corpus.

In 2000, Hall was convicted by a jury and sentenced to thirty to fifty years of imprisonment for each of two counts of first-degree criminal sexual conduct, ten to fifteen years of imprisonment for one count of second-degree criminal sexual conduct, two to four years of imprisonment for each of two counts of felonious assault, fifty to seventy-five years of imprisonment for each of two counts of attempted murder, eighteen to thirty-five years of imprisonment for each of two counts of assault with the intent to commit murder, and five to ten years of imprisonment for one count of disarming a police officer.  The sentences were ordered to run concurrently with each other, and consecutive to a two-year term for one count of possession of a firearm during the commission of a felony.  Hall

is also serving a life sentence for kidnapping in an unrelated case. Hall's convictions were affirmed on direct appeal by the Michigan Court of Appeals, *People v. Hall*, Nos. 228551, 228552, 2003 WL 193517 (Mich. Ct. App. Jan. 28, 2003), and the Michigan Supreme Court denied Hall leave to appeal. *People v. Hall*, 668 N.W.2d 149 (Mich. 2003).

After unsuccessfully seeking post-conviction relief in the state courts of Michigan, Hall filed a pro se petition for a writ of habeas corpus with the district court pursuant to 28 U.S.C. § 2254. On August 13, 2009, the district court denied Hall's habeas corpus petition. However, the district court granted Hall a certificate of appealability as to one of the claims raised in his habeas corpus petition. On September 27, 2010, more than a year later, Hall filed a notice of appeal. We ordered Hall to show cause why his appeal should not be dismissed for filing a late notice of appeal. In response, Hall asserted that he did not receive notice of the district court's decision denying his habeas corpus petition, that he only learned about the district court's decision after he requested a copy of the district court's docket sheet, and that he immediately filed a notice of appeal upon receiving the docket sheet and noticing the district court's decision. We dismissed Hall's appeal as late.

Hall then moved the district court pursuant to Federal Rule of Civil Procedure 60(b)(6) to reissue its decision denying his habeas corpus petition to allow him to file a timely notice of appeal. Finding no "unusual and extreme" facts to justify reissuance of its decision under Rule 60(b)(6), the district court denied Hall's motion. Hall filed a timely notice of appeal and the district court granted a certificate of appealability.

Federal Rule of Appellate Procedure 4(a)(6) provides that, when a party does not receive notice of a judgment in accordance with Federal Rule of Civil Procedure 77(d), the district court may

reopen the time to file an appeal if a motion to reopen is filed within 180 days after the judgment is entered, or within fourteen days after the party receives notice, whichever is earlier. Rule 4(a)(6) is the exclusive remedy for reopening the time to file an appeal, *Bowles v. Russell*, 432 F.3d 668, 672 (6th Cir. 2005), *aff'd*, 551 U.S. 205 (2007), and Rule 60(b) cannot be used to circumvent Rule 4(a)(6)'s requirements. *In re Sealed Case (Bowles)*, 624 F.3d 482, 485–89 (D.C. Cir. 2010); *Vencor Hosps., Inc. v. Standard Life & Accident Ins. Co.*, 279 F.3d 1306, 1310–11 (11th Cir. 2002); *Clark v. Lavallie*, 204 F.3d 1038, 1040–41 (10th Cir. 2000); *Zimmer St. Louis, Inc. v. Zimmer Co.*, 32 F.3d 357, 360–61 (8th Cir. 1994).

Citing *Henderson ex rel. Henderson v. Shinseki*, 131 S. Ct. 1197 (2011), Hall argues that the filing deadline in Rule 4(a) is not jurisdictional and is merely a "claim-processing rule." However, the Supreme Court has made "clear that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement" and that such a jurisdictional requirement cannot be waived for equitable reasons. *Bowles*, 551 U.S. at 214. In *Henderson*, the Supreme Court distinguished *Bowles* on the basis that the case before it involved "review by an Article I tribunal as part of a unique administrative scheme," rather than Article III review. *Henderson*, 131 S. Ct. at 1204.

Because Hall filed his motion more than 180 days after the denial of his habeas corpus petition, *see* Fed. R. App. P. 4(a)(6)(B), the district court lacked the authority to extend the time for filing an appeal. The district court's order is affirmed.