HAYNES, Circuit Judge:
A jury convicted Louis Perez of capital murder for the killings of his ex-girlfriend, her roommate, and the roommate’s nine-year-old daughter, and he was sentenced *176 to death.[1] The Texas Court of Criminal Appeals (“CCA”) affirmed his conviction and sentence on direct appeal, and subsequently denied his petition for writ of ha-beas corpus. Perez filed a complaint seeking a writ of habeas corpus in the federal district court after exhausting his state-court remedies pursuant to 28 U.S.C. § 2254 (which is part of the Antiterrorism and Effective Death Penalty Act or “AED-PA”). The magistrate judge issued a Report and Recommendation denying Perez’s habeas claims, which the district court adopted in full. The district court then denied Perez’s request for a certificate of appealability (“COA”).[2]
As more fully discussed below, allegedly without consulting Perez, his attorney decided not to file a timely appeal. Upon motion, the district court vacated and reentered its judgment pursuant to Federal Rule of Civil Procedure 60(b)(6), thereby allowing Perez to file an appeal- within thirty days of the reentered judgment, which he did. In- a case designated Case No. 13-70006, the Director of the Texas Department of Criminal Justice’s Correctional Institutions Division (“Director”) appealed from the district court’s grant of Perez’s motion to vacate and reenter judgment and subsequently filed a “Motion to Dismiss Appeal for Want of Jurisdiction” with this court, which we ordered carried with the case. In Case No. 13-70002, Perez appealed the reentered judgment, requesting a COA on a number of grounds.
We GRANT the Director’s motion, VACATE the Civil Rule 60(b)(6)[3] order and reentered judgment (therefore leaving in place the original March 27, 2012 judgment), and DISMISS Perez’s appeal (No. 13-70002) for want of jurisdiction.
I. Background
The district court entered judgment denying the application for writ of habeas corpus and a COA on March 27, 2012. Accordingly, the deadline to file notice of appeal was April 26, 2012. See Fed. R.App. P. 4(a)(1)(A). Perez’s attorney, Sadaf Khan, received notice of the order the same day judgment was entered, but, after conducting research, affirmatively decided not to file an appeal. Khan did not notify Perez or the consulting attorney, Richard Burr, of the judgment in time to timely file a notice of appeal, nor did she consult with them about whether to file an appeal. In other words, Khan never obtained Perez’s agreement to waive an appeal. Burr learned of the judgment after the deadline to timely appeal had passed, and he informed Khan that she needed to file an appeal as a matter of course. Accordingly, on June 25, 2012, Khan moved to reopen the time to file a notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6). The district court denied the motion, finding that Khan received notice of the judgment when it was entered and adding that she missed the May 29, 2012 deadline to file an Appellate Rule 4(a)(5) motion to extend. See Fed. R.App. P. 4(a)(5).
Perez secured new counsel who subsequently filed Appellate Rule 4(a)(5) and *177 4(a)(6) motions, as well as a motion under Civil Rule 60(b)(6), arguing that Perez missed the deadline because Khan abandoned him. On December 18, 2012, the district court — finding that Khan had abandoned Perez — entered judgment granting the Civil Rule 60(b)(6) motion. It then directed the clerk to reenter the March 27 judgment so that Perez could timely appeal. The court noted that it otherwise would have granted Perez’s Appellate Rule 4(a)(6) motion. On January 16, 2013, Perez timely appealed the district court’s reentered judgment; the Director also timely appealed the district court’s grant of Civil Rule 60(b)(6) relief.
II. Applicability of Civil Rule 60(b)(6)
“[We] review[] a district court’s decision to grant or deny relief under [Civil] Rule 60(b) for abuse of discretion.” Flowers v. S. Reg’l Physician Servs., Inc., 286 F.3d 798, 800 (5th Cir.2002). “ ‘A district court abuses its discretion if it bases its decision on an erroneous view of the law or on a clearly erroneous assessment of the evidence.’ ” Hesling v. CSX Transp., Inc., 396 F.3d 632, 638 (5th Cir.2005) (quoting Kennedy v. Tex. Utils., 179 F.3d 258, 265 (5th Cir.1999)).
The first question before us is a simple one, though the answer is less so. Does the district court have the power to allow an otherwise untimely appeal by using Civil Rule 60(b)(6) to reenter a judgment solely in order to permit such an appeal to become timely?[4] If the answer to the question is “yes,” then we must examine under what circumstances the district court could do so.[5] If the answer is “no,” then the district court lacked the power to do what it did, and we must vacate the order. The answer to the question requires consideration of some history. Prior to 1991, we allowed the use of Civil Rule 60(b)(6) to circumvent Appellate Rule 4(a) in cases where the clerk failed to send the required notice to the parties that a judgment had been entered. See Smith v. Jackson Tool & Die, Inc., 426 F.2d 5 (5th Cir.1970). In Smith, we stated that while
[w]e are fully aware that various cases have held that a motion to vacate cannot be granted for the sole purpose of extending the time for appeal nor can it be invoked as a substitute for appeal.... [W]e must also recognize that where the net result of adhering to the letter of the rules of procedure is to thwart rather than to promote justice, the Court must be wary of their rigid application.
Id. at 7-8.
In 1991, however, Appellate Rule 4(a) was amended specifically to allow the district court to re-open the appeal time when the moving party does not receive notice *178 under Civil Rule 77(d), which provides for clerks to give parties notice of judgments. Fed. R.App. P. 4(a)(6). That same year, 28 U.S.C. § 2107, which provides the statutory time frame for civil appeals, was amended to allow extensions of time in the same circumstances as those encompassed by Appellate Rules 4(a)(5) and 4(a)(6).
Following these amendments, we held that Civil Rule 60(b)(6) is no longer available in cases that are analogous to Smith. See Matter of Jones, 970 F.2d 36, 37-39 (5th Cir.1992) (affirming the denial of a Civil Rule 60(b)(6) motion to vacate and reinstate the judgment where there was no notice because the appellants failed to meet the requirements of Appellate Rule 4(a)(6)); see also Vencor Hosps. v. Std. Life & Accident Ins. Co., 279 F.3d 1306, 1312 (11th Cir.2002) (same); Zimmer St. Louis, Inc. v. Zimmer Co., 32 F.3d 357 (8th Cir.1994) (same). Prior to 1991, we had decided some cases that hinted (without holding) that it was conceivable that a situation could exist that would allow using Civil Rule 60(b) to extend the time for appeal even in situations not governed by Smith. See United States v. O’Neil, 709 F.2d 361, 373 (5th Cir.1983) (stating “[e]x-cept in truly extraordinary cases, Rule 60(b) relief should not be used to extend the time for appeal,” and thus implicitly suggesting there might be such a “truly extraordinary case”);[6] see also In re Air Crash at Dall./Fort Worth Airport, 852 F.2d 842, 844 (5th Cir.1988) (citing 11 WRIGHT & Miller § 2864 at 214-15). After the statutory and rule changes of 1991, however, our decisions no longer contained even such “hints.”[7]
Instead, in 2002, we decided Dunn v. Cockrell, 302 F.3d 491 (5th Cir.2002). In Dunn, we affirmed a district court’s denial of a habeas petitioner’s Civil Rule 60(b)(1) motion seeking to vacate the original judgment so that he could timely appeal, holding that “[R]ule 60(b) cannot be used to circumvent the limited relief available under Federal Rule of Appellate Procedure 4(a)(5), which advances the principle of protecting the finality of judgments.” Id. at 492-93 (citation omitted). The language used in Dunn makes it particularly clear that where the sole purpose of a Civil Rule 60(b) motion is “to achieve an extension of the time in which to file a notice of appeal, it must fail.” 302 F.3d at 493; see also O’Neil, 709 F.2d at 373 (“[Wjhere ... the [Civil] Rule 60(b) motion ... asks only that the order be vacated and reentered.... the [Civil] Rule 60(b) motion is avowedly being used only to extend the time for appeal. It hence squarely collides with [Appellate] Rule 4(a)(5).”).[8]
Following our decision in Dunn, the Supreme Court held in Bowles v. Russell, 551 U.S. 205, 214, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007), that the “timely filing of a notice of appeal in a civil case is a jurisdictional *179 requirement.” The Court explained that courts lacked power to carve out equitable exceptions to Appellate Rule 4(a) because the deadlines to appeal are jurisdictional statutory requirements under 28 U.S.C. § 2107. Id. Bowles unequivocally states that “the timely filing of a notice of appeal in a civil case is a jurisdictional requirement. Because this Court has no authority to create equitable exceptions to jurisdictional requirements, use of the ‘unique circumstances’ doctrine is illegitimate.” Id. at 214, 127 S.Ct. 2360.
The strong language in Bowles, while not referring specifically to Civil Rule 60(b), does not permit appellate courts to create exceptions to circumvent the appellate deadlines as set forth in Appellate Rule 4(a) and § 2107. This is particularly true because Appellate Rule 4 “carries § 2107 into practice.” Id. at 208, 127 S.Ct. 2360. According to 28 U.S.C. § 2107(a), a party must appeal within 30 days of the entry of judgment, and district courts have limited authority to grant an extension. The limited exceptions stated in § 2107 are present in Appellate Rule 4; however, there is no “extraordinary circumstances” or similar exception. In fact, 28 U.S.C. § 2107 has been amended twice since the Supreme Court decided Bowles. Neither amendment attempts to add an exception for “extraordinary” or “unique” circumstances, suggesting that Congress does not intend for any exceptions, other than the ones already codified, to be used by parties to avoid strict compliance with appellate deadlines. Therefore, using Civil Rule 60(b)(6) to circumvent the exceptions codified in 28 U.S.C. § 2107 runs afoul of Bowles’s clear language that courts cannot create exceptions to jurisdictional requirements that are statutorily based. See 551 U.S. at 212-14, 127 S.Ct. 2360.
Perez and the dissenting opinion point to recent Supreme Court cases using equitable rules in death penalty cases to avoid otherwise harsh results occasioned by improper attorney conduct. In Maples v. Thomas, — U.S.-, 132 S.Ct. 912, 917, 181 L.Ed.2d 807 (2012), the Supreme Court held that attorney abandonment constitutes an extraordinary circumstance that can be sufficient “cause” to relieve a federal habeas petitioner from the consequences of a procedural default in state court. There, during the state post-conviction phase, the defendant’s pro bono attorneys left their employment at their law firm and discontinued representation of the defendant without informing either the defendant or the court. Id. at 919. No other attorney at the firm took responsibility for the case in any way, and local counsel did not act upon receiving a copy of the dismissal. Id. at 919-20. As a result, the time to file an appeal in the state court expired. Id. at 920. The district court determined that the procedural error precluded federal habeas consideration, and the Eleventh Circuit affirmed. Id. The Supreme Court reversed, distinguishing attorney abandonment, which satisfies the “cause” requirement, from attorney negligence, which does not. Id. at 922-23; see also Martinez v. Ryan, — U.S.-, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012) (creating an equitable rule to avoid a procedural default in certain defined situations caused by ineffective assistance of counsel in state proceedings).
The Supreme Court cases Perez and the dissenting opinion cite do not involve exceptions to statutory limits on appellate jurisdiction; they address equitable exceptions to judge-created procedural bars or non-jurisdictional statutes. See Holland v. Florida, 560 U.S. 631, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010) (concluding that AEDPA statute of limitations is not jurisdictional and, therefore, concluding that equitable tolling of the AEDPA limitations period was permissible in the circum *180 stance of attorney abandonment). While the dissenting opinion would read Bowles as limited to cases where Appellate Rule 4(a)(6) would govern, its language is not so limited, and its reasoning rests on the statutory nature of these jurisdictional limits under § 2107.
More importantly, even assuming arguendo we were convinced that the current Court would not (or should not) continue to follow Bowles, we are not free to disregard Bowles. See Ballew v. Cont’l Airlines, 668 F.3d 777, 782 (5th Cir.2012). “We are a strict stare decisis court and are in no position to challenge the statutory construction utilized by the Supreme Court.... The Supreme Court has sole authority to overrule its own decisions ....” Id. (citations and internal quotation marks omitted). In other words, we do not “read tea leaves;” we follow the law as it is, respecting the Supreme Court’s singular role in deciding the continuing viability of its own precedents.
Other circuits are in accord, with one exception. See, e.g., Lacour v. Tulsa City-Cnty. Jail, 517 Fed.Appx. 617, 618-19 (10th Cir.2013) (unpublished) (holding that Civil Rule 60(b) motions cannot toll the time for filing a notice of appeal because, under Bowles, the timely filing requirement is mandatory and jurisdictional)[9]; Cumberland Mut. Fire Ins. Co. v. Express Prod., Inc., 529 Fed.Appx. 245, 252 (3d Cir.2013) (unpublished) (“It is well established that [Civil] Rule 60 is not a proper vehicle for extending the time to file an appeal that has been rendered untimely by the expiration of the thirty-day time window provided by [Appellate] Rule 4(a).” (citing Bowles, 551 U.S. at 206-07, 127 S.Ct. 2360)); Hall v. Scutt, 482 Fed.Appx. 990, 990-91 (6th Cir.2012) (unpublished) (same); In re Sealed Case (Bowles), 624 F.3d 482, 486-87 (D.C.Cir.2010) (same);[10] see also White v. Jones, 408 Fed.Appx. 293, 295-96 (11th Cir.2011) (unpublished) (While refusing to make a decision on whether Civil Rule 60(b)(6) could ever be used to circumvent Appellate Rule 4(a), the court stated in dicta that Bowles likely means that the court would be deprived of jurisdiction if the petitioner failed to comply with a statutory deadline (citing Dunn, 302 F.3d at 492)).
The exception is the Ninth Circuit. In Mackey v. Hoffman, 682 F.3d 1247 (9th Cir.2012), it concluded that Civil Rule *181 60(b)(6) could be used to vacate and reenter judgment where attorney abandonment was found. The Ninth Circuit asserted that its decision does not run afoul of Bowles because “Mackey is not receiving relief pursuant to [Appellate] Rule 4(a)(6).” Id. at 1253. However, the Ninth Circuit did not address the fact that Bowles permitted no equitable exceptions and used mandatory, unequivocal language when referring to the statutory grant of civil appellate jurisdiction. Nor does it address the fact that Appellate Rule 4(a)(5) exists and encompasses “excusable neglect” and “good cause,” consistently with § 2107, while a separate “extraordinary circumstances” exception would be inconsistent with § 2107.[11]
In this case, Perez is solely using a Civil Rule 60(b) motion as a means of achieving an untimely appeal. He does not claim he was denied a “full and fair hearing before the district court nor [does he] seek[ ] by the ruling to have the district court alter its ruling.” Dunn, 302 F.3d at 493 (citation and internal quotation marks omitted). We conclude under Supreme Court and our precedents that the district court lacked the power to circumvent the rules for timely appeals in the manner it did. Accordingly, we conclude that we must VACATE the order granting Civil Rule 60(b)(6) relief and reentering the judgment.[12] That leaves the March 2012 judgment as the “live” judgment as to which Perez’s appeal is, admittedly, untimely. As a result, we GRANT the Director’s motion to dismiss 13-70002, Perez’s appeal, for want of jurisdiction.
Civil Rule 60(b)(6) order VACATED (Case No. 13-70006); Perez’s appeal DISMISSED (Case No. 13-70002).

.The facts underlying the conviction are not helpful to understanding this appeal’s disposition. A complete recitation of the facts is available in the magistrate judge's Report and Recommendation. See Perez v. Quarterman, No. A-09-CA-081 LY, 2011 WL 6959946, 2011 U.S. Dist. LEXIS 149275 (W.D.Tex. Dec. 29, 2011).

. Accordingly, we refer to the magistrate judge’s report as that of the district court.

. To avoid confusion, we will use the term "Appellate Rule _” to refer to a specific Federal Rule of Appellate Procedure and "Civil Rule_” to refer to a specific Federal Rule of Civil Procedure.

. The district court ruled in the alternative that it would have granted the Appellate Rule 4(a)(6) motion, despite its earlier conclusion that this rule did not apply because Khan received timely notice. Perez does not argue that Appellate Rule 4(a)(6) would provide an alternate basis to find his appeal timely. This rule does not cover an attorney's decisions that lead to an untimely appeal. See Resendiz v. Dretke, 452 F.3d 356 (5th Cir.2006). Even if Appellate Rule 4(a)(6) were an available source of relief in a case such as this one, as suggested by the dissenting opinion, it permits only a fourteen-day reopening of the time for appeal. This appeal was filed twenty-eight days after the district court's Civil Rule 60(b)(6) order. Thus, Appellate Rule 4(a)(6) does not aid Perez here.

. Because we answer this question "no,” we have no occasion to address what the parameters of "attorney abandonment” are. We note, however, that Khan’s decision not to appeal, while not hers to make, was, according to her, based on research and her conclusion that such an appeal would not be "viable” and would detract from her strategy of pursuing an "actual innocence” claim.

. O’Neil's actual holding was that the "appeal periods in Fed. R.App. P. 4 are mandatory and jurisdictional ... [Civil] Rule 60(b) cannot be used to circumvent its procedures.... This is particularly so where ... the [Civil] Rule 60(b) motion is made after time for appeal has expired ... [and] asks only that the order be vacated and reentered.” (citations omitted). 709 F.2d at 373.

. One post-1991 case mentioned in a passing footnote that "[w]e have recognized that this rule may yield in truly extraordinary cases.” Latham v. Wells Fargo Bank, N.A., 987 F.2d 1199, 1203 n. 7 (5th Cir.1993) (citing O’Neil, 709 F.2d at 373).

.Although Dunn addressed Civil Rule 60(b)(1), its reasoning was not limited to sub-part 1. 302 F.3d at 493 (where "sole purpose” of motion is not to attack underlying judgment but rather to extend the time for appeal, “it must fail”). The reasoning is equally applicable to subpart 6. See also fn.8, infra.

. Contrary to the dissenting opinion’s suggestion, Lacour does not hold that "a petitioner may rely on [Civil] Rule 60(b) to extend the time for filing an appeal.” Instead, it held that Lacour, who was challenging the substance of the judgment, not just seeking reinstatement of his appellate timetable, could not challenge the underlying judgment on appeal because he did not file a timely Civil Rule 59 motion. 517 Fed.Appx. at 619. Instead, the appeal was timely only as to the Civil Rule 60(b) motion’s denial. The court held that the district court did not abuse its discretion in denying Civil Rule 60(b) relief.

. We also note the persuasive reasoning of two factually similar district court cases from outside our circuit. Garrett v. Presesnik, No. 2:09-CV-11076, 2012 WL 2342461, at *4, 2012 U.S. Dist. LEXIS 85411, at *9-11 (E.D.Mich. May 4, 2012) (unpublished) (denying petitioner’s Civil Rule 60(b)(6) motion seeking relief to file a timely notice of appeal where petitioner’s counsel for the habeas proceedings failed to file the notice of appeal, despite being aware that the petitioner wanted to appeal the denial because, under Bowles, Appellate Rule 4(a)’s time limits are "mandatory and jurisdictional,” and therefore Civil Rule 60(b) cannot be used to escape Appellate Rule 4(a)’s requirements to re-open the time for appeal); Joyner v. United States, No. 3:06-00016, 2011 WL 2437531, at *2, 2011 U.S. Dist. LEXIS 64790, at *6-7 (D.S.C. June 17, 2011) (unpublished) (denying a petitioner’s Civil Rule 60(b)(6) motion because, under Bowles, the court may not create equitable exceptions to jurisdictional requirements).

. Alternatively, one could say that attorney "abandonment,” if such occurred, would constitute “good cause” for the failure to timely file such that this circumstance is encompassed by Appellate Rule 4(a)(5) exception for “good cause.” Perez’s contrary arguments run afoul of Dunn.

. Our ruling in no way implies that it would be proper for a lawyer to fail to advise a client of an adverse judgment and the right to appeal. Cf. Burt v. Titlow, - U.S. -, 134 S.Ct. 10, 18, 187 L.Ed.2d 348 (2013) (holding that the Court’s decision declining to set aside state court finding that a lawyer was not ineffective did not exonerate the lawyer from the fact that he "may well have violated the rules of professional conduct”). The decision to waive an appeal is for the client. See Tex. Disciplinary R. Prof’l Conduct R. 1.02 (client controls general objectives and methods of representation); See also Tex. Disciplinary R. Prof’l Conduct R.1.03 (requiring communication with and explanations to a client). In consideration of our duties under Canon 3(B)(5) of the Code of Conduct for United States Judges and recognizing that we do not have all the facts regarding Perez’s attorneys' conduct, we raised this issue with both sides’ attorneys at oral argument. In a supplemental brief following oral argument, Perez's new attorneys explained that the prior attorney’s conduct appears to have been a "one-time occurrence attributable to her medical condition” such that they concluded that referral to disciplinary authorities was not appropriate.