# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40535

United States Court of Appeals
Fifth Circuit

**FILED**
March 6, 2014

Lyle W. Cayce
Clerk

QUIENCY EDWARDS,

Petitioner-Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:01-CV-183

Before OWEN, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Quiency Edwards, Texas prisoner # 784968, moves for a certificate of appealability (COA) to appeal from the order denying his motions for relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure from the judgment denying his application for habeas corpus pursuant to 28 U.S.C. § 2254. Edwards challenges his conviction of murder.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40535

Because Edwards's Rule 60(b) motions sought only to reopen the time for filing a notice of appeal, no COA is necessary. *See Ochoa Canales v. Quarterman*, 507 F.3d 884, 888 (5th Cir. 2007). Edwards's remedy to reopen the time for taking an appeal from the denial of the underlying § 2254 application based upon his "no notice" argument was a motion pursuant to Rule 4(a)(6) of the Federal Rules of Appellate Procedure. Such a motion may be filed up to 180 days after the entry of judgment. FED. R. APP. P. 4(a)(6)(B). In Edwards's case, this period expired 180 days after the January 31, 2003 order denying § 2254 relief, long before he filed the current Rule 60(b) motions. A Rule 60(b) motion is not an appropriate vehicle to extend the time for filing an appeal, so the denial of the Rule 60(b) motion was not an abuse of discretion. *See Perez v. Stephens*, No. 13-7002, 2014 WL 739985 (5th Cir. Feb. 26, 2014)(concluding that the district court lacked the power to grant a Rule 60(b) motion solely to allow an extension of the time for appeal).

The equitable tolling argument Edwards raises is without merit. Equitable tolling principles do not apply to the periods for filing timely notices of appeal in civil cases, as those periods are jurisdictional in nature. *See Bowles v. Russell,* 551 U.S. 205, 214 (2007); *Perez*, 2014 WL 739985. Because Edwards did not raise any of the substantive § 2254 contentions in the district court he raises on appeal, we do not address them. *See Leverette v. Louisville Ladder Co.,* 183 F.3d 339, 342 (5th Cir. 1999). Finally, Edwards's motion for leave to attach documents to his COA motion is denied.

AFFIRMED. COA DENIED AS UNNECESSARY. MOTION FOR LEAVE TO ATTACH DENIED.