JAMES L. DENNIS, Circuit Judge,
dissenting:
The majority correctly notes that obiter dictum is not the law of the case, but incorrectly concludes that the Perez I majority’s discussion of FRAP 4(a)(6) was not dictum'. Next, the majority mistakenly concludes that Perez waived the FRAP 4(a)(6) issue by failing to raise it in the prior appeal. Lastly, the majority errone *285 ously holds that the district court’s grant of FRAP 4(a)(6) relief was improper on the merits. Because I would hold that the district court did not abuse its discretion by granting Perez’s FRAP 4(a)(6) motion, I respectfully dissent.
First, the majority opinion in Perez I did not include a holding as to FRAP 4(a)(6)— any mention of FRAP 4(a)(6) was dictum and therefore not the law of the case. See Jama v. Immigration & Customs Enforcement, 543 U.S. 335, 351 n. 12, 125 S.Ct. 694, 160 L.Ed.2d 708 (2005) (“Dictum settles nothing, even in the court that utters it.”); Pegues v. Morehouse Parish Sch. Bd., 706 F.2d 735, 738 (5th Cir.1983) (stating that obiter dictum is not law of the case). The district court’s December 2012 Order, which was the subject of the prior appeal in Perez I, dismissed[1] Perez’s FRAP 4(a)(5) motion for extension of time and his 4(a)(6) motion to reopen the time to file an appeal, but granted Perez’s Civil Rule 60(b)(6) motion for relief from judgment. The district court then vacated and reentered its earlier judgment denying Perez habeas relief. In a footnote, the district court stated that if it had not granted Perez’s Civil Rule 60(b)(6) motion, it would have granted his FRAP 4(a)(6) motion. The Director appealed the district court’s Civil Rule 60(b)(6) ruling and Perez, as appellee, argued that the court’s ruling was correct. Perez did not argue in the alternative that the time to file an appeal should have been reopened under FRAP 4(a)(6). The Perez I majority concluded that Perez’s Civil Rule 60(b)(6) motion was improperly granted and also mentioned in a footnote that FRAP 4(a)(6) would not have aided Perez. Perez v. Stephens, 745 F.3d 174, 177 n. 4 (5th Cir.2014). In the instant appeal, the majority concludes that that footnote was a holding and therefore binding on the district court. In my view, it was not.
Obiter dictum is “[a] judicial comment made while delivering a judicial opinion, but one that is unnecessary to the decision in the case and therefore not precedential.” Black’s Law Dictionary 1240 (10th ed.2014); see also Bohannan v. Doe, 527 Fed.Appx. 283, 300 (5th Cir.2013) (“[Djicta involves the consideration of abstract and hypothetical situations not before the court.” (internal quotation marks and alterations omitted)). The issue before the Perez I panel was whether the district court had properly vacated its own earlier judgment of March 2012 under Civil Rule 60(b)(6). See 745 F.3d at 177. Perez did not challenge the district court’s dismissal of his FRAP 4(a)(6) motion on appeal, so that issue was not before the panel. See id. at 177 n. 4. Any comments the Perez I panel made as to the merits of a hypothetical FRAP 4(a)(6) argument were nonbinding and not the law of the case. See Pegues, 706 F.2d at 738.
To arrive at its conclusion that the FRAP 4(a)(6) issue was properly before the Perez I panel, the majority concludes that the district court’s December 2012 Order included an “alternate holding” that Perez was entitled to FRAP 4(a)(6) relief. The district court’s holding as to FRAP 4(a)(6), however, was to dismiss Perez’s motion for relief under FRAP 4(a)(6). The majority, therefore, reaches the paradoxical conclusion that the district court’s December 2012 Order both held that Perez was entitled to FRAP 4(a)(6) relief and denied him such relief. The district court did not maintain these contradictory holdings. Instead, the district court granted Perez’s motion to vacate judgment under Civil Rule 60(b)(6), dismissed Perez’s alternative motions under FRAP 4(a)(5) and *286 4(a)(6), vacated the March 2012 Judgment, and entered a new judgment. Perez did not challenge the dismissal of his FRAP 4(a) motions.[2] Only the vacatur of the March 2012 Judgment was before the Perez I panel on appeal. The Perez I majority’s superfluous discussion of FRAP 4(a)(6) therefore did not tie the district court’s hands.[3] See Pegues, 706 F.2d at 738.
Second, the majority concludes that Perez forfeited his FRAP 4(a)(6) argument by failing to raise it before the Perez I panel and, because of the forfeiture, the district court could not grant FRAP 4(a)(6) relief now. For purposes of the FRAP 4(a)(6) issue, Perez was the appellee in Perez I. “[Wjhen the derelict party is the appellee, who may rely on a favorable ruling by the trial court, it makes sense to construe the ‘rule’ of forfeiture more leniently.” Tex. Midstream Gas Servs., LLC v. City of Grand Prairie, 608 F.3d 200, 206 (5th Cir.2010); see also Shell Offshore, Inc. v. Dir., Office of Workers’ Comp. Programs, U.S. Dep’t of Labor, 122 F.3d 312, 317 (5th Cir.1997) (concluding that issue was not forfeited despite appellee’s failure to address it in its brief). Moreover, the forfeiture rule is not an absolute or jurisdictional bar to considering issues that were not briefed; it is “a prudential construct that requires the exercise of discretion.” United States v. Miranda, 248 F.3d 434, 443 (5th Cir.2001). We should not conclude that Perez forfeited his FRAP 4(a)(6) argument.
Last, the majority holds that the district court was wrong to grant Perez’s FRAP 4(a)(6) motion, even if the Perez I mandate did not otherwise settle the issue. FRAP 4(a)(6) allows a district court to reopen the time to file a notice of appeal if the court finds that the moving party did not receive notice of entry of judgment. The district court determined that although Khan, Perez’s trial attorney, had received notice of the entry of judgment, that notice could not be imputed to Perez because Khan had abandoned him. See Maples v. Thomas, — U.S. —, 132 S.Ct. 912, 924, 181 L.Ed.2d 807 (2012) (“[Ujnder agency principles, a client cannot be charged with the acts or omissions of an attorney who has abandoned him.”). The district court’s conclusion was not an abuse of discretion. See In re Jones, 970 F.2d 36, 39 (5th Cir.1992) (noting that a district court’s denial of a FRAP 4(a)(6) motion is reviewed for abuse of discretion).
The majority relies heavily on Resendiz v. Dretke, 452 F.3d 356 (5th Cir.2006), in which we stated that an attorney’s failure to file a timely notice of appeal did not constitute abandonment. Id. at 362. Because we determined that Resendiz had not been abandoned by counsel, we did “not reach the question of whether notice *287 may be imputed to a party who, though technically represented, is abandoned by counsel.” Id. Resendiz, however, was decided before the Supreme Court’s decision in Maples, which is indispensable to our current understanding of attorney abandonment. See Maples, 132 S.Ct. at 922-28. More importantly, Perez’s attorney did more than just negligently miss a filing deadline. As I said in my dissent in Perez I, “Khan’s unilateral decision not to notify Burr or Perez of the district court’s judgment and not to pursue an appeal therefrom was an egregious breach of the duties an attorney owes her’ client and thus constitutes abandonment, not mere negligence for which Perez would ordinarily be responsible.” 745 F.3d at 187. Khan’s misconduct was so significant that it rose to the level of constructive abandonment. See Mackey v. Hoffman, 682 F.3d 1247, 1251 (9th Cir.2012) (“[GJross negligence by an attorney, defined as neglect so gross that it is inexcusable, vitiates the agency relationship that underlies our general policy of attributing to the client the acts of his attorney.” (internal quotation marks and alterations omitted)). The district court thus did not abuse its discretion when it concluded that Khan had abandoned Perez and that the abandonment justified reopening Perez’s window to file a notice of appeal under FRAP 4(a)(6).[4]
Because the district court did not abuse its discretion in granting Perez’s motion to reopen the time to file an appeal, and because Perez timely filed his notice of appeal within the window that the district court created, we have jurisdiction to hear this appeal. I therefore respectfully dissent from the majority’s opinion.

. In the district court’s place, I would have termed these motions “denied as moot,” rather than "dismissed,” but I do not believe that this difference in nomenclature is dispositive.

. I do not suggest that Perez had no reason to appeal the dismissal of his FRAP 4(a)(6) motion merely because the district court stated that it would have granted that motion. Perez had no need to appeal the FRAP 4(a)(6) dismissal because he had succeeded under Civil Rule 60(b)(6).

. The majority also suggests that the FRAP 4(a)(6) issue was properly before the Perez I panel because this court has an obligation to assess its own jurisdiction. See United States v. Key, 205 F.3d 773, 774 (5th Cir.2000). FRAP 4(a)(6) could not have been an alternative source of appellate jurisdiction, however, because the district court vacated the March 2012 Judgment. FRAP 4(a)(6) can extend the time to file a notice of appeal from a judgment, but the March 2012 Judgment — the predicate judgment to which FRAP 4(a)(6) would have applied — had already been vacated. The district court could not simultaneously vacate a judgment and also extend the time to file a notice of appeal from that vacated judgment. As a result, irrespective of all merits arguments, FRAP 4(a)(6) could not have supplied an alternative source of jurisdiction (and Perez did not argue that it did).

. The district court’s decision does not run afoul of the rule that a court may not "create equitable exceptions to jurisdictional requirements.” See Bowles v. Russell, 551 U.S. 205, 214, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007). In Bowles, the Supreme Court held that á party could not use the equitable "unique circumstances” doctrine to avoid the time limits prescribed by FRAP 4(a)(6). Id. Here, far from creating an equitable exception, the district court merely applied agency principles to conclude that notice could not be imputed to Perez because his counsel had abandoned him.