# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20620

United States Court of Appeals
Fifth Circuit

**FILED**

May 29, 2015

Lyle W. Cayce
Clerk

CHAD FENLEY DAVIS,

Petitioner-Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-2919

Before KING, JOLLY and HAYNES, Circuit Judges.

PER CURIAM:*

Chad Fenley Davis, Texas prisoner # 1336883, is serving a life sentence
for capital murder. He has moved for a certificate of appealability (COA) from
the denial of a motion he filed under Federal Rule of Civil Procedure 60(b)
concerning his prior 28 U.S.C. § 2254 proceeding. A COA is unnecessary
because Davis merely asked the district court to reopen the time for filing an

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

appeal from the denial of the § 2254 petition. *See Dunn v. Cockrell*, 302 F.3d 491, 492 & n.1 (5th Cir. 2002).

Davis's case is therefore before us on his motion to appeal IFP, and our inquiry "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted). We review the denial of Davis's Rule 60 motion for abuse of discretion. *See Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981). The denial "must have been so *unwarranted* as to constitute an abuse of discretion." *Id*. A Rule 60 motion may not be used to circumvent the time limits for appealing, especially where, as here, the motion was made after the period for seeking an extension of time for appeal has expired. *See Dunn*, 302 F.3d at 492-93; *see also Perez v. Stephens*, 745 F.3d 174, 177-79 (5th Cir.) (holding that Rule 60(b) does not permit circumvention of Rule 4's time limits for appealing in a habeas case), *cert. denied*, 135 S. Ct. 401 (2014). *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), does not help Davis because *Martinez* did not create an exception "to statutory limits on appellate jurisdiction." *Perez*, 745 F.3d at 179. The denial of Davis's Rule 60 motion was not an abuse of discretion, and his appeal lacks arguable merit. *See Howard*, 707 F.2d at 220; *Seven Elves*, 635 F.2d at 402.

A COA is DENIED AS UNNECESSARY; the IFP motion is DENIED, and the appeal is DISMISSED. 5TH CIR. R. 42.2.