# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-31257

United States Court of Appeals
Fifth Circuit

**FILED**

October 9, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

versus

THADDEUS RICHARDSON,

Defendant−Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana
No. 2:14-CV-1375

Before SMITH, WIENER, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Thaddeus Richardson, federal prisoner #32639-034, was convicted of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-31257

possession with intent to distribute a mixture or substance containing a detectable amount of heroin and possession of firearms in furtherance of a drug trafficking crime. He seeks a certificate of appealability ("COA") to appeal the denial of a postjudgment motion for reconsideration of the denial of his 28 U.S.C. § 2255 motion. He request *in forma pauperis* ("IFP") status on appeal.

The postjudgment motion is construed as a motion made under Federal Rule of Civil Procedure 60(b). *See Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 667−68 (5th Cir. 1986) (en banc); FED. R. CIV. P. 60(b). In his motion, Richardson, in an attempt to reopen the time limit for seeking relief from this court, sought to have the district court reinstate its order of dismissal of his § 2255 motion. Because the motion merely sought to reinstate appellate jurisdiction, and did not constitute an attack on the district court's resolution of his claims on the merits or add a new ground for relief, a COA is unnecessary. *See Gonzalez v. Crosby*, 545 U.S. 524, 532−33 (2005); *Dunn v. Cockrell*, 302 F.3d 491, 491−92 & n.1 (5th Cir. 2002).

Richardson's case is therefore before this court on his motion to appeal IFP, and this court's inquiry "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted). The district court did not abuse its discretion by denying Richardson's motion. *See Perez v. Stephens*, 745 F.3d 174, 177−79 (5th Cir. 2014); *Hernandez v. Thaler,* 630 F.3d 420, 428 (5th Cir. 2011); *Dunn*, 302 F.3d at 492−93.

This appeal lacks arguable merit and is DISMISSED. *See Howard*, 707 F.2d at 220; 5TH CIR. R. 42.2. The motion for a COA is DENIED as unnecessary. The motion to proceed IFP is DENIED.