# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 20, 2021

Lyle W. Cayce
Clerk

No. 20-40309

Ashley Charles Burrell,

*Petitioner—Appellant*,

*versus*

Bobby Lumpkin, *Director*, *Texas Department of Criminal Justice*, *Correctional Institutions Division*,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:15-CV-266

Before Dennis, Southwick, and Engelhardt, *Circuit Judges*.
Per Curiam:*

Ashley Charles Burrell, Texas prisoner # 1760733, was convicted by a jury of aggravated robbery and sentenced to 74 years in prison. He currently appeals the district court's denial of his motion under Federal Rule of

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-40309

Appellate Procedure 4(a)(6) and Federal Rule of Civil Procedure 60(b)(6) to reopen the appeal period for the denial of his federal habeas application.

Because Burrell's motion to reopen was filed under Federal Rules Civil Procedure 4(a)(6) and 60(b), Burrell's motion for a certificate of appealability (COA) is denied as unnecessary. *See Ochoa Canales v. Quarterman*, 507 F.3d 884, 888 (5th Cir. 2007); *Dunn v. Cockrell*, 302 F.3d 491, 492 (5th Cir. 2002); *Gibbs v. Thaler*, 459 F. App'x 336, 337 (5th Cir. 2012). We dispense with further briefing because this appeal may be resolved on the available record.

The district court did not abuse its discretion when it denied Burrell's motion to reopen. *See Dunn*, 302 F.3d at 492; *In re Jones*, 970 F.2d 36, 39 (5th Cir. 1992). First, Burrell does not satisfy the requirements for reopening the time to file an appeal under Federal Rule of Appellate Procedure 4(a)(6) because Burrell's counsel received notice of the denial of his application within 21 days of the judgment's date of entry, *see* Fed. R. App. P. 4(a)(6)(A), and because Burrell filed his motion to reopen more than 180 days after the entry of the judgment he seeks to appeal and more than 14 days after his counsel received notice of that judgment, *see* Fed. R. App. P. 4(a)(6)(B). Additionally, Burrell may not use a motion under Federal Rule of Civil Procedure Rule 60(b) to circumvent the time limits for appealing under Federal Rule of Appellate Procedure 4. *See Dunn*, 302 F.3d at 492-93; *see also Bowles v. Russell*, 551 U.S. 205, 214 (2007); *Perez v. Stephens*, 745 F.3d 174, 177-79 (5th Cir. 2014).

MOTION DENIED; AFFIRMED.

2