# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 20, 2024

Lyle W. Cayce
Clerk

—————————

No. 23-20575

—————————

Jose Rojas-Meliton,

*Petitioner—Appellant*,

*versus*

Bobby Lumpkin, *Director, Texas Department of Criminal Justice, Correctional Institutions Division*,

*Respondent—Appellee.*

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CV-537

———————————————————————

Before Clement, Engelhardt, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Jose Rojas-Meliton, Texas prisoner # 02149143, was convicted by a jury of aggravated sexual assault of a child and sentenced to 75 years of imprisonment. He currently appeals the district court's denial of his Federal Rule of Civil Procedure 60(b) motion seeking relief from the order denying

——————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

his motion under Federal Rule of Appellate Procedure 4(a)(6) to reopen the period to appeal the denial of his 28 U.S.C. § 2254 application.

Because Rojas-Meliton's Rule 60(b) motion sought relief from the order denying his motion to reopen under Rule 4(a)(6), his motion for a certificate of appealability is DENIED as unnecessary. *See Ochoa Canales v. Quarterman*, 507 F.3d 884, 888 (5th Cir. 2007); *Dunn v. Cockrell*, 302 F.3d 491, 492 (5th Cir. 2002). We dispense with further briefing because this appeal may be resolved on the available record.

In his Rule 60(b) motion and on appeal, Rojas-Meliton primarily argues that he was entitled to relief under Rule 4(a)(6), because his counsel abandoned him—resulting in his missing the deadline to appeal—and that counsel's abandonment is an "extraordinary circumstance" entitling him to relief under Rule 60(b)(6). *See Buck v. Davis*, 580 U.S. 100, 123 (2017). However, this court has already "reject[ed] Rojas-Meliton's argument that his counsel abandoned him and that such abandonment warranted an exception to Rule 4(a)(6)(A)'s strictures." *Rojas-Meliton v. Lumpkin*, No. 23-20308, 2023 WL 7490049, at *1 (5th Cir. Nov. 10, 2023) (unpublished). Rojas-Meliton's arguments to the contrary are barred by the law-of-the-case doctrine, which precludes this court from reexamining the issue. *See Alpha/Omega Ins. Servs., Inc. v. Prudential Ins. Co. of Am.*, 272 F.3d 276, 279 (5th Cir. 2001).

Accordingly, Rojas-Meliton has failed to demonstrate any abuse of discretion in the district court's denial of his Rule 60(b) motion. *See Buck*, 580 U.S. at 122-23; *Perez v. Stephens*, 745 F.3d 174, 177 (5th Cir. 2014). The district court's denial of Rojas-Meliton's Rule 60(b) motion is AFFIRMED.