FILED
United States Court of Appeals
Tenth Circuit

June 18, 2025

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

CHARLES BENJAMIN KILLSFIRST,

　　Petitioner - Appellant,

v.

RANDY HARDING,

　　Respondent - Appellee.

No. 25-6044
(D.C. No. 5:23-CV-01076-J)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **EID**, **KELLY**, and **CARSON**, Circuit Judges.
_____

　　Charles Killsfirst, an Oklahoma state prisoner proceeding pro se, was convicted of burglary in the first degree, outraging public decency, and assault and battery. He was sentenced to 30 years' imprisonment with 15 years suspended for burglary, one year suspended for outraging public decency, and 90 days suspended for assault and battery, all to run consecutively. After an unsuccessful direct appeal and state-court post-conviction proceedings, Mr. Killsfirst filed his federal habeas application, 28 U.S.C. § 2254. Upon recommendation of a magistrate judge, the federal district court denied the application as time-barred under 28 U.S.C. § 2244(d)(1)(A) and determined that an

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

"actual innocence" exception to the limitation period did not apply. Killsfirst v. Harding, No. 5:23-cv-01076, ECF No. 17. Mr. Killsfirst filed a notice of appeal and this court questioned whether the appeal was timely, allowing for a response to this issue. Killsfirst v. Harding, No. 24-6154, ECF No. 9. We advised of the potential of filing a motion to extend the time to file a notice of appeal and noted that only the district court could extend the time pursuant to Fed. R. App. P. 4(a)(5) or 4(a)(6) if applicable. Id. Mr. Killsfirst did not respond to our order, and this court dismissed for lack of prosecution. Id. at ECF No. 12.

On February 26, 2025, Mr. Killsfirst filed a motion to reopen his § 2254 application, ostensibly pursuant to Fed. R. App. P. 4(a)(6)(B). Killsfirst, No. 5:23-cv-01076, ECF No. 38. The district court denied this motion because Mr. Killsfirst failed to show exceptional circumstances to reopen the case. Id. at ECF No. 40. Mr. Killsfirst appealed, but this court remanded to the district court for the limited purpose of seeking a COA. Killsfirst, No. 25-6044, ECF No. 2. On remand, the district court denied a COA because Mr. Killsfirst did not show denial of a constitutional right and no reasonable jurist could debate whether his motion to reopen should have been resolved differently. Killsfirst, No. 5:23-cv-01076, ECF No. 48.

A COA is a jurisdictional prerequisite to appellate review. Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003). To obtain a COA, the prisoner must make "'a substantial showing of the denial of a constitutional right.'" Id. at 336 (quoting 28 U.S.C. § 2253(c)(2)). To satisfy this standard, "a petitioner must show that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or

2

that the issues presented were adequate to deserve encouragement to proceed further."

Id. (quotations omitted).

As is clear from his appellate brief and application for a COA, Mr. Killsfirst sought to reopen his habeas case so as to be able to appeal the district court's denial of his § 2254 application. Aplt. Br. at 7–8 (PDF). Rule 4(a)(6) allows a district court to reopen the time to file an appeal. Fed. R. App. P. 4(a)(6). It requires that (1) the moving party did not receive notice of the entry of judgment, (2) the moving party filed the motion within 180 days after the entry of judgment or within fourteen days after the moving party received notice, whichever is earlier, and (3) neither party would be prejudiced. Id. Mr. Killsfirst does not elaborate on lack of notice, but in any event, he filed his February 6, 2025, motion to reopen more than 180 days after the district court's June 13, 2024, judgment. He would not qualify. See Xiong v. Whitten, No. 23-5038, 2024 WL 2584667, at *2 (10th Cir. May 24, 2024); see also Clark v. Lavallie, 204 F.3d 1038, 1041 (10th Cir. 2000) (noting that Fed. R. Civ. P. 60(b) cannot be used to circumvent Rule 4(a)(6)).

After reviewing Mr. Killsfirst's submissions, the district court disposition, and the record on appeal, Mr. Killsfirst has not met our standard for granting a COA. The filing of a notice of appeal is mandatory and jurisdictional and the district court could not grant a motion to reopen and then re-enter judgment as a means to allow Mr. Killsfirst to appeal the denial of his § 2254 application. See Bowles v. Russell, 551 U.S. 205, 213–14 (2007); Perez v. Stephens, 745 F.3d 174, 179 (5th Cir. 2014). As such, reasonable jurists

could not debate the result of the district court's procedural ruling.  See Miller-El, 537 U.S. at 336.

     We GRANT IFP status, DENY a COA, and DISIMSS the appeal.


                       Entered for the Court


                       Paul J. Kelly, Jr.
                       Circuit Judge